SMITH v. STANDARD SANITARY MFG. CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 81.

1. BROKERS ⊜64(1)—COMMISSIONS—WITHDRAWAL OF OFFER.
   Where a corporation agreed to pay a broker a certain fee if he could effect a consolidation with defendant corporation, and defendant withdrew its offer of consolidation before it was acted upon by broker's employer, broker could not recover compensation from defendant; there being no contract between the two.

2. TRIAL ⊜109—DISMISSAL ON OPENING STATEMENT.
   A complaint, sufficient in its allegations, may be dismissed, on admissions made by plaintiff's counsel in his opening clearly showing plaintiff had no cause of action.

In Error to the District Court of the United States for the Southern District of New York.

Action by James Milne Smith against the Standard Sanitary Manufacturing Company. There was a judgment dismissing the complaint, and plaintiff brings error. Affirmed.

Hollander & Bernheimer, of New York City (Herbert Cone, of New York City, of counsel), for plaintiff in error.

Henry A. Blumenthal, of New York City, for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. In this case a most unusual thing happened. The complaint was dismissed at the trial, before the taking of any testimony and because of admissions made by the plaintiff's counsel in his opening.

The plaintiff is by education an engineer, who since he left college has devoted himself exclusively here and in England to the organizing, promoting, and financing of large enterprises. He commenced this action to recover commissions which he claimed he had earned in bringing about an agreement of consolidation or merger whereby the defendant corporation, having a capital stock of $10,000,000, agreed to take over the J. L. Mott Company, having a capital stock, assets, and business which it was alleged amounted to more than $7,000,000. Both of these corporations are engaged in the manufacture and sale of plumbing and sanitary supplies. The defendant company is a corporation organized under the laws of the state of Pennsylvania, and the J. L. Mott Company is a corporation organized under the laws of the state of New Jersey.

The complaint alleged that between March 15, 1916, and December 18 of the same year, plaintiff was engaged in negotiations with defendant, having proposed to it the advantages of combining with the J. L. Mott Company; that with the knowledge and upon the request of defendant plaintiff continued his negotiations with defendant and with the J. L. Mott Company and its stockholders for the purpose of obtaining the most favorable terms for such combination;

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that through plaintiff's efforts and procurement defendant agreed to purchase the entire capital stock, assets, and business of the J. L. Mott Company, paying therefor the sum of $2,651,000 in cash or securities, and' assuming the existing bonded indebtedness of the latter, amounting to $2,000,000; that upon information and belief this promise to make such purchase was communicated by defendant to the officers and stockholders of the J. L. Mott Company, the defendant agreeing that it might take such offer under advisement and act upon the same, and that the same would be left open for a period including January 3, 1917, during which time there might be procured the formal acceptance by its stockholders of the said offer; that thereupon the vice president of the company and the stockholders undertook to call a meeting of their stockholders to obtain a formal acceptance of the offer, and a meeting for that purpose was called for December 18th at 2 o'clock; that a few hours before the time set for the holding of the said meeting the defendant, by special delivery letter, withdrew its offer and refused to complete the purchase; that all the services and negotiations of plaintiff with defendant and with the J. L. Mott Company were with the knowledge and consent and at the special request of the defendant.

It was also alleged that plaintiff had been damaged in the sum of $232,550, which was the reasonable value of his services, and judgment in that amount was demanded.

The defendant put in an answer, in which it denied certain of the allegations of the complaint and declared that as to the other allegations it had no knowledge or information sufficient to form a belief.

The case came on for trial, and a jury was impaneled and sworn. In opening for the plaintiff his counsel made certain statements as to what he could prove and what he could not prove, which led the court, on the motion of the defendant, to dismiss the complaint. In his opening he explicitly stated to the jury that no arrangement was had between the plaintiff and the defendant, and that his contract, if any, was one whereby the J. L. Mott Company was to pay him $100,000 in cash in order to consummate the deal. His statement was as follows:

"Smith [the plaintiff] had made the deal with the Mott Company that he was to be paid. I think you will have the letter before you. In order to help the deal go through, he was willing to take $100,000 in spot cash, although he figured his commission at a great deal more. That was the amount that the Mott Company agreed should be paid. As for the Standard Company, he had made no arrangements with them."

[1] This was brought to the attention of the court by defendant's counsel, who asked to have the action dismissed. The plaintiff's counsel was then asked by Judge Mayer what he had to say, and a colloquy of some length followed, in the course of which Judge Mayer said:

"But, as I understand this case, a business man or a business corporation cannot be held in damages when they have not employed a broker or promoter and have made no agreement with him of any kind, manner, or description, because perchance the deal does not go through—if such a doctrine would hold, no business man would be safe. * * * To my way of thinking, the

proposition as advanced has no support in law, in reason, in common sense, in business requirements or in the orderly conduct of business in a great community like New York, or in the United States. People are held in contracts, they are held for what they agree. Where a man does not agree to something and puts himself in a position where an agreement may be inferred, you can see what a hopeless mess such a doctrine as is contended for would bring about, and I am utterly against it."

After some further discussion of the matter, the motion dismissing the complaint was granted.

It appears that no consolidation ever took place between these two corporations. It appears, also, that the offer made by the defendant corporation was withdrawn before it was ever formally accepted by the J. L. Mott Company; so this is not a case where an agreement between these two corporations had ever been made and later breached. Neither is the case governed by that class of cases holding that a real estate broker, employed to sell property upon terms stated by the seller in advance, has complied with his agreement and earned his commission when he has produced a purchaser able and willing to purchase at the price and upon the terms named in his contract of employment, and where the contract for some reason fails of consummation. It more nearly resembles Hale v. Kumler, 85 Fed. 161, 29 C. C. A. 67. In that case the plaintiff sought to recover an agreed compensation under a contract for services rendered as a broker in attempting unsuccessfully to bring about a consolidation of two rival companies. On the facts in that case it was held that nothing short of an actual accomplished consolidation entitled the plaintiff to any compensation from the defendant.

The plaintiff in this court argued that it was no defense to say that no consolidation ever took place, because that would be permitting the defendant to profit by its own wrong in breaching the contract. Breaching what contract? There never was a contract between defendant and plaintiff, and there never was a contract between the defendant corporation and the J. L. Mott Company. Before the offer made to the J. L. Mott Company was accepted, the offer was withdrawn.

[2] So the question presented is whether a complaint which is sufficient in its allegations can be dismissed because of admissions made by the plaintiff's counsel in his opening, and which clearly showed that he had no cause of action against the defendant. The question is answered for us in the decision in Oscanyan v. Winchester Repeating Arms, 103 U. S. 261, 26 L. Ed. 539. In that case the court said:

"In the trial of a cause, the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set-off claimed. Indeed, any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof; and if in the progress of a trial, either by such admission or proof, a fact is developed which must necessarily put an end to the action, the court may, upon its own motion, or that of counsel, act upon it and close the case."

The judgment is affirmed.