## HOUK MFG. CO., Inc., v. COWEN CO.

(Circuit Court of Appeals, Second Circuit. June 9, 1920.)

No. 226.

1. **Trial ⇐⇒109—Verdict may be directed on opening statement of counsel.**
    Direction of a verdict may be justified by the opening statement of counsel for either plaintiff or defendant.

2. **Trial ⇐⇒109—Direction of verdict warranted by statement of counsel.**
    In an action on a written contract, under which plaintiff alleged it had rendered services and incurred expenditures for defendant, where the answer was a general denial, but counsel for defendant in his opening statement admitted the contract and claimed only that as to certain of the work it had been modified by parol, on his refusal to amend by plead-. ing the modified contract, the court *held* warranted in directing a verdict

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for plaintiff; the amount due under the contract pleaded not being in dispute.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Cowen Company against the Houk Manufacturing Company, Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 249 Fed. 285.

The plaintiff in error was defendant below and is hereinafter referred to as defendant. The defendant in error was plaintiff below and is hereinafter referred to as plaintiff. The plaintiff is a corporation organized and existing under the laws of the state of Massachusetts, and is regularly engaged in business in the borough of Manhattan, in the city of New York in which place it maintains an office. The defendant is a corporation organized and existing under the laws of the state of New York.

The complaint alleges that the plaintiff rendered certain services to defendant at the latter's special instance and request on or about October 1, 1915, and on or about February 5, 1916. It also declares that in connection with the said services and at defendant's request the plaintiff paid out or incurred obligations in various sums, aggregating the sum of $5,538.58, all of which sum the defendant promised to pay to the plaintiff. It then declares the services rendered were reasonably worth, and defendant agreed to pay therefor, a sum equal to 15 per cent. of the aggregate sum above stated, which 15 per cent. amounted to $822.57, and that defendant has been given credit for various sums, aggregating $120.51. Judgment was asked in the sum of $6,240.64, with interest.

The answer set up that the amount due from defendant was only $4,048.82, and that before action was brought defendant tendered that amount, and that plaintiff refused to accept it, and has hitherto refused to receive it, although defendant has ever since remained willing and ready to pay it. By subsequent stipulation this separate alleged defense was withdrawn at the trial. The allegation of tender, of course, was not a defense, but an admission of liability, and tender could only affect the question of interest and costs. The answer avers, in paragraph V, that the plaintiff is a foreign corporation, and had not procured from the secretary of the state of New York a certificate that it had complied with the requirements of the law to authorize it to do business in the state of New York, and that at the times alleged in the complaint it had not paid to the state treasurer of the state of New York the license fee required under section 181 of chapter 908 of the Laws of 1896 and the acts amendatory thereof. No mention of this defense was made at the argument.

The defendant stated in paragraph VI that by reason of the facts set forth in paragraph V of the answer "the plaintiff ought not to maintain this action," and it accordingly demanded judgment and that complaint be dismissed, with costs. Thereupon plaintiff filed a demurrer on the ground that defendant's answer was insufficient in law. The demurrer was sustained, and the court ordered that such defense be stricken from the answer.

By direction of the court a verdict was rendered for the plaintiff for $6,107.84 and interest from March 30, 1916, and judgment was entered in the sum of $7,529.61.

John Thomas Smith, of New York City (Frank A. Gaynor, of New York City, of counsel), for plaintiff in error.

S. Michael Cohen, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The plaintiff conducts an advertising agency, and claims to have rendered

services for defendant under an agreement that it would render bills to defendant at what the services cost the plaintiff, and that its compensation would be 15 per cent. of those net prices. The defendant, in opening the case to the jury, stated that there was a disputed item, or "job," as it was called, involved in the plaintiff's claim, and that it was not within the general agreement above referred to, but was governed by a special agreement, which fixed a specific price to be paid for it. When this statement was made by defendant's counsel in his statement to the jury at the beginning of the trial, plaintiff's counsel interrupted, and said that he thought—

"this is the time that the defendant should amend his pleadings, so that he may prove what he is now stating to the jury he is going to prove."

The court ruled that he would allow the case to be tried under the pleadings as they stood, and referred to the decision of this court when this case was here before. The opinion in that case is found in 249 Fed. 285, 161 C. C. A. 221, and must now be referred to in order to understand what occurred in the court below at the second trial now under review.

The facts in that first trial were that the plaintiff had proved a written agreement governing the advertising to be done by plaintiff for defendant. That defendant admitted in court liability on all the bills rendered by plaintiff, except two, and that one of these the plaintiff withdrew. As to the one remaining, which was the largest bill (and which is the same bill in dispute in this the second trial), the defendant offered to prove, and was permitted so to do, a new and separate oral agreement which covered the disputed item. This defense had not been stated nor suggested in the answer. The plaintiff had asked the court to instruct the jury that the burden of proving modification of the original contract was on the defendant, which the court declined to do. The jury were instructed instead that the burden was on the plaintiff. The plaintiff then asked the court to instruct the jury that, if defendant relied upon a separate contract, the burden was upon defendant to prove that separate contract. To that request the court replied:

"The burden never shifts. The burden remains on the plaintiff through the case, because the plaintiff brings the lawsuit."

This court held that in an action on a contract, where defendant at the trial set up a new and separate agreement alleged to have been orally made, and to have modified the original contract, instead of the denial pleaded in the answer, the burden of proving the oral agreement was on defendant, and that instructions that such burden never shifted, and that the burden of proving the original contract was on the plaintiff were erroneous and misleading. We accordingly reversed the judgment and ordered a new trial. In commenting on the fact that the pleadings as drawn were totally irresponsive to the issues actually made at the trial, and that defendant had totally abandoned the answer it had put in, this court said:

"The trial court would have been justified in withdrawing a juror, and compelling an amendment in order that defendant might plead according to

its statement in open court, and in a manner technically justifying the proof it proceeded to offer."

The pleadings at the second trial of the case were exactly the same as at the first trial, with the exception already referred to that by stipulation of counsel the allegation of tender as a defense had been stricken out of the answer. At the second trial, the court having ruled, as before stated, that he would allow the case to be tried under the pleadings as they stood, the defendant's counsel resumed his argument and said:

"The situation, as we shall endeavor to set before you and prove to your satisfaction, is that there was a special job, which, as I say, is the only job in dispute, which was very different in its nature from most of the work that had been done for the Houk Company, by the Cowen Company, and that the agreement as to what was to be paid for that job was made, as to price and as to details of the work to be performed, between Mr. Leathers, who represented the Cowen Company, and Mr. George Houk, who was president of the Houk Manufacturing Company, there being at the same time only one other person, Mr. Ralph, present; that the agreement as to the price of this job was made in Buffalo on the 4th day of December, and if we can prove that to your satisfaction, why, of course, we are going to have to pay the amount that we can show was agreed at that time. If the other side can show that this came under the terms of their general agreement, we will have to pay the amount under that agreement."

Counsel was at this point interrupted by the court's stating that he had a great deal of doubt, after all, as to proceeding in this way. Then occurred the following colloquy:

"The Court: Did you raise this objection before?
"Mr. Cohen: Precisely the same.
"The Court: At the beginning of the trial?
"Mr. Cohen: No, not at the beginning.
"The Court: What point did you raise?
"Mr. Cohen: It was raised on a request for charge to the jury. It was further raised—
"The Court: It wasn't raised before that time?
"Mr. Cohen: It was raised, I think, indirectly in objections to testimony, where I objected it was not proper cross-examination, because I had not developed the issue, and that it was up to the defendant to develop it.
"The Court: But you did not distinctly raise the objection that it was not pleaded?
"Mr. Cohen: No, sir; I did not."

There was some further colloquy between court and counsel; the court saying:

"Now, there (in the first trial) they did not take the objections you have here at the beginning of the trial. You do not expect substantially to vary the nature of your proof on this trial?
"Mr. Lockwood: No, sir.
"The Court: In other words, the same issues will be tried out here as were tried out, or were sought to be tried out, on the first trial."

The court then stated he would direct a verdict for the plaintiff, unless defendant amended his answer, and that defendant might amend if it desired; there being no objection thereto by the plaintiff, who expressly stated that he had no objection. The defendant's counsel, however, refused to amend, saying:

"We will have to respectfully refuse to amend on the ground that we believe our general denial is sufficient to enable us to give the same proof, and offer the same proof in evidence here as we would if the amendment were made."

Thereupon the court ordered a verdict found for the plaintiff in the amount before mentioned. Defendant moved to set the verdict aside and for a new trial. This was refused, and an exception was taken. The record discloses that in the court below counsel for defendant admitted to the court that the proof at the second trial was to be the same as at the first trial. Then the court asked as to the interest due and the date for computation. It was stated by counsel for plaintiff. Then the following occurred:

"The Court: I would ask defendant's counsel if that is correct as to the date from which interest runs?

"Mr. Lockwood: Yes, sir; that is satisfactory; 1916, March 30th."

[1] The direction of a verdict may be justified by the opening address of counsel. In Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539, the court held that a verdict might be directed for the defendant upon the opening statement of counsel for the plaintiff. And, following that, this court, in New York Evening Post Co. v. Chaloner, 265 Fed. 204, acted on the admissions of counsel for defendant made on his argument in this court that a committee of the person and property of one alleged to be insane appointed by the Supreme Court of the state of New York had been vacated by that court after the decision below, and that the committee had been discharged pending the appeal in this court. And in Smith v. Standard Sanitary Manufacturing Co., 254 Fed. 427, 166 C. C. A. 59, this court had previously affirmed a judgment where the court below had dismissed the complaint before any testimony had been taken, because of admissions made by plaintiff's counsel in his opening.

[2] It is, however, argued in this court, though the objection was not raised in the court below, that as the facts stood at the stage of the trial when the verdict was directed it was error to direct the verdict. No evidence or testimony at that time had been given. The general agreement in writing, which the plaintiff claimed included the disputed item, had not yet been produced before the court. It is true plaintiff at that time had not proved its case. But plaintiff was in court with its witnesses, and prepared to present the same proof it had given on the first trial. The defendant's counsel by his admissions conceded the plaintiff's case, except as to the one disputed item. The item it proposed to show under the general denial of its answer was not within the general agreement upon which the plaintiff relied, but was within a special contract not pleaded. This we had already decided the defendant was not entitled to do, and that decision established the law of the case, and we have no disposition now to review it. In view of the admissions made by counsel, there was no necessity for plaintiff's introducing his evidence; and the evidence upon which defendant relied could not be introduced under a general denial.

Judgment affirmed.