METROPOLITAN LIFE INSURANCE COMPANY *v.* FITZGERALD.

Opinion delivered February 10, 1919.

1.  INSURANCE—ACTION ON POLICY—PARTY.—Under Kirby's Dig., § 2636, subdiv. 2, providing that every action shall be prosecuted by the real party in interest, the sole distributee of a life insurance policy who has paid all decedent's debts could sue on the policy, though it provided that the amount due should be paid to decedent's executor or administrator.

2.  PARTIES—REAL PARTIES IN INTEREST.—Kirby' Dig., § 2636, subdiv. 2, providing that every action shall be prosecuted in the name of the real party in interest, should receive a very liberal construction, with a view of effectuating the purpose of the statute.

3.  INSURANCE—ACTION ON POLICY—WHO MAY SUE.—Under Kirby's Dig., § 15, as to the right of heirs to sue when there are no debts, a person who was the only heir and had paid up all the debts of decedent could sue on insurance policy, notwithstanding provisions in the policy to the effect that the amount due thereunder should be paid to the executor or administrator.

4.  INSURANCE—QUESTION FOR JURY.—In an action on a policy of life insurance, the questions whether insured before the issuance of

the policy had been attended by a physician for a serious malady and whether at time the policy was issued he was afflicted with such disease, *held* for the jury.

5. WITNESSES — PRIVILEGED COMMUNICATIONS — PHYSICIANS.—In an action originating in municipal court, one who said she had no objection to a physician testifying did not thereby waive her right to object to such testimony in the circuit court where she did not understand that she had a right to keep him from testifying.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

### STATEMENT OF FACTS.

The appellee brought this action against the appellant to recover on policy of life insurance.

Appellee alleged that in consideration of the sum of forty cents and in the further payment of ten cents each and every week thereafter during the continuance of the policy that the appellant did issue its policy in the sum of $250 insuring the life of one Louis Fitzgerald; that on the 8th of May, 1917, Louis Fitzgerald died; that proofs of the death were made; that the premiums had been paid; and that payment had been demanded of the appellant and refused.

Appellee prayed judgment for the amount of the policy and for penalty and for attorneys' fees.

The appellant denied the material allegations of the complaint and set up the following defenses: That there is a clause in the policy which provides "No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." That the policy was dated September 4, 1916, and on that day the insured was not in sound health. The policy further provides that same is void, if the insured before the date of the policy had been attended by a physician for any serious disease; that the insured before the date of the policy had been attended by a physician for diabetes, a serious disease of the kidneys, with which he had been afflicted for a long period of time before the policy was issued and at the time same was issued and continuously to the date of his death. That the policy further

provides that "proofs of death under this policy shall be made upon blanks to be furnished by the company and shall contain answers to each question propounded to the plaintiff, physicians and other persons, all the contents of such proofs of death shall be evidence of the facts therein stated in behalf of but not against the company. That the appellee had furnished proofs of death made upon the blanks furnished by the appellant containing certain forms, one of which was signed by Dr. C. W. Sillen, and Dr. R. S. Medearis, and another one signed by the appellee. That the policy further provides, "that the company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied." That unless the company exercises its option, under the above conclusion payment of the amount of the policy should be made "to the executor or the administrator of the insured."

The answer further alleged that the appellant had not elected to pay the amount of the policy of the appellee and that she, therefore, had no right to maintain the suit.

Appellant prayed that the complaint be dismissed at appellee's costs.

The appellee testified that she made application for the policy in August, 1916. She told the soliciting agent of the appellant at the time that her boy, the insured, had been treated for malarial fever and had been under a doctor's care; she also told the company physician when he came to examine the boy that he had had malarial fever. At the time she made application the boy was working at a bakery; he continued to work at this and

other places until after Christmas.  She then took him to Stuttgart, and he did not work any after that.  After she took him to Stuttgart he seemed to have the same thing the matter with him as before.  During his last illness he was in the bed from Sunday night until Tuesday morning, May 8, 1917, when he died.

The policy was introduced containing the provisions among others which have been set forth in the answer. The application for the insurance was made through appellant's agent, Hardiman.  He made out the application, which the witness introduced in evidence, in the presence of the witness.

Doctor McKinney, the examining physician for the company, examined the boy and the writing on the back of the application was done by him.  He made the inspection.  On the application the insured is asked to "state nature and duration of all illness that life proposed has had in the past two years.  Give names of all physicians who have attended said life in that time."  And the answer is, "Doctor Dooley operated on him for hernia in 1914."  The blank is signed by the insured, Louis Fitzgerald.  Also on the blank is the following: "I have this 26th day of August, 1916, personally seen and inspected at the address given on page one hereof, the life proposed for insurance and saw the above signature made, and am of the opinion that said life is in good health, that said life's constitution is sound.  I find the pecuniary circumstances and hygienic surroundings satisfactory, and the insurance applied for in good faith with the purpose of being continued.  I therefore recommend said life to be accepted first-class.  (Signed), A. T. McKinney."

The appellee further testified that she furnished the proofs of death on the blanks which were furnished her by the company.  The company refused to pay her the amount of the policy and had never tendered her the amount of the premiums which she paid.  Her son was 17 years of age when he died.  She paid the funeral expenses and doctor's bill.

In the proofs of death signed and sworn to by Doctor Sillen the immediate cause of death is stated to be acute indigestion following diabetes.

In a written statement of her claim, signed by the appellee, she says the cause of death was acute indigestion following diabetes and gives the name, among others, of Doctor Medearis as one of the attending physicians at the time of his death. In the proofs of death by Dr. Medearis appears the following: "The cause of death was as follows: Diabetes militis and congestion. The insured died May 8, 1917." His statement further shows that he had treated the insured for diabetes militis from August 2 to August 10, 1916.

Appellee went with her son in August, 1916, to Dr. Medearis' office. Her son consulted him.

The agent who took the application testified that he asked the insured what sickness he had had. He turned the application over to the office. The application does not make mention of the boy having diabetes. His understanding was that the company did not make examinations of the applicants but only made inspections. Witness stated that an inspection means that the doctor was to go and see that the party was not in bed.

Dr. Medearis testified on behalf of the appellant, that he was a practicing physician and that appellee on August 2, 1916, came to his office and consulted him about the health of her son and gave him a history of the case. At this juncture appellee objected to his testimony, whereupon the judge of the municipal court, who presided at the trial of this case in that court, testified that the appellee agreed that Dr. Medearis might be called as a witness in his court, to testify as to what he knew about the illness of Louis Fitzgerald. Before the doctor was permitted to testify it was explained to appellee that she had a right to keep him off the stand and she waived any objection.

Dr. Medearis, thereupon, was permitted to testify over the objection of appellee, that the boy had been afflicted with diabetes militis since childhood. His mother

wanted witness to treat him. He examined the boy on August 2, 1916, and treated him that day. He treated him from the 2nd to the 10th and saw him a couple of times after that. Diabetes militis is a serious disease and almost always fatal in childhood. When witness saw him he was in the same stage as the third stage in tuberculosis. From the condition the boy was in in August, 1916, it was impossible for him to have been well and not suffering from diabetes on the 4th day of September, 1916.

Mrs. Fitgerald testified in rebuttal, that when Dr. Medearis was called to testify in municipal court they did not explain to her that she had the right to have his testimony excluded on the ground of confidential relation. She was asked if she had any objection to his testifying and answered that she did not.

The court instructed the jury that if the insured at the time of the issuance of the policy was afflicted with the disease of diabetes that the appellee could not recover. That if the appellee did not understand at the time Dr. Medearis was offered as a witness by the appellant that she had a right to keep him from testifying by reason of his confidential relation, she had not waived her right to have his testimony disregarded by the jury, but on the other hand if she did understand that she had the right to have the testimony excluded on account of the confidential relation between physician and patient, that she had waived her objection to his testimony and the jury might consider the same on the point as to whether or not the insured before the date of the policy had been attended by a physician for diabetes.

The court, over the objection of the appellant, refused to instruct the jury that the appellee had no authority or capacity to maintain the suit.

A verdict was returned in favor of the appellee in the sum of $250 and from the judgment rendered in her favor is this appeal.

*Moore, Smith, Moore & Trieber* and *Geo. A. McConnell,* for appellant.

1.  Plaintiff cannot maintain this suit because of the provisions of the policy that any amount due was payable to the executor or administrator of the assured and no one else could sue.  72 N. E. 989; 58 Atl. 454; 59 N. E. 439; 56 N. E. 908; 74 *Id.* 945; 44 *Id.* 1073; 154 N. Y. S. 194.

2.  The assured was not in good health when the policy was issued and made false answers to the questions asked.  154 N. Y. S. 194; 72 N. H. 1; 54 Atl. 287; 95 N. Y. S. 587.

3.  The court erred in instructions to the jury *supra.*

*Carmichael & Brooks,* for appellee.

1.  Plaintiff was entitled to maintain action.  Kirby's Digest, § 4682; Acts 1915, p. 340, § 9; 30 Ark. 560; 42 *Id.* 375; 104 *Id.* 500.

2.  There is no error in the instructions.  46 Ark. 132, 485; 2 *Id.* 195.

3.  The finding of the jury is conclusive.  110 Ark. 117.

4.  The testimony of Dr. Medearis was incompetent because he sustained confidential relations with plaintiff. All the facts were submitted to a jury under proper instructions and the verdict will not be disturbed.  48 Ark. 495; 119 *Id.* 6.

WOOD, J., (after stating the facts).  1.  The appellant contends that the appellee has no capacity to maintain this suit, for the reason that the policy provides that the amount due thereunder should be paid to the executor or administrator of the insured, unless payment was made under another provision granting the company the option to pay to certain other designated persons, which option the company had not exercised.

This contention cannot be sustained for the reason that the uncontroverted evidence shows that the appellee was the real party in interest.  The insured at the time of his death was a minor, unmarried, and had no children. His father was dead and his mother inherited his estate. Sec. 2636, Kirby's Digest, sub-div. 2.  He died intestate.

The undisputed evidence showed that the appellee had paid all the debts that had come against the estate of her son, and there was, therefore, no necessity for the appointment of an administrator. The appellee was adult and the only heir.

Our statute provides that every action must be prosecuted in the name of the real party in interest. Parties could not contract so as to defeat the salutary provisions of this statute.

The contract with the appellant company, evidenced by the policy, was made with the insured through the appellee, his mother, who is the real and only party interested. Thus the appellee being the real and only party in interest could maintain the suit, notwithstanding the provision that the amount under the policy should be paid to the executor or administrator.

The trend of our decisions shows that the statute requiring every action to be prosecuted in the name of the real party in interest has received a very liberal construction with the view of effectuating the wise purpose to permit those who are the real parties in interest to a cause of action to maintain the suit. See *Dickinson and Wife* v. *Harris & Cotham,* 48 Ark. 355-358. See other cases collated in 4th Crawford's Digest, "Real Party in Interest," sec. 3. See also *Reiff* v. *Redfield School Board,* 126 Ark. 477-481.

There is no contention that the appellant had made, or would make, payment to some one other than the appellee under the terms of the option provided in the policy or that any one else was entitled to such payment. If an administrator had been appointed and had instituted this suit the uncontroverted facts of the record prove that, in that event, the amount to be recovered under the policy would go to the appellee as the real and only party in interest.

Therefore, it would be magnifying form above substance and contrary to both the letter and spirit of the statute to hold that the appellee could not maintain the suit. Moreover, the facts of this record would expressly

authorize appellee to sue under the provisions of section 15, Kirby's Digest.

2.    The appellant next contends that the policy never became a binding contract because prior to and at the date of the issuance of the policy the insured was afflicted with diabetes, a serious disease of the kidneys, and had been attended by a physician for such disease.

The appellee testified that at the time the policy was issued she told the agent who solicited the application and also told the examining physician that the applicant, her son, had had malarial fever.

The examining physician reported he had personally seen and inspected the applicant for insurance and was of the opinion that he was in good health and had a sound constitution, that the insurance was applied for in good faith and he recommended that the applicant be accepted as first class.

The court at the request of the appellant instructed the jury that if before the date of the policy the insured had any disease of the kidneys and had been attended by a physician for any serious disease or complaint that their verdict should be for the appellant.

Under the evidence it was an issue for the jury as to whether the insured before the issuance of the policy had been attended by a physician for a serious disease and whether at the time of the issuance of the policy he was afflicted with such disease.

The only testimony tending to prove that the insured was attended by a physician for a serious disease prior to the issuance of the policy and that he was so afflicted at the date thereof is that of Doctor Medearis.

The court submitted to the jury under correct instruction to determine whether or not the appellee, under the evidence, had waived her right to exclude the testimony of Dr. Medearis on the ground of confidential relation. The verdict shows that the jury found that appellee had not waived her right, and that consequently, the tesimony of Dr. Medearis was not considered.

There is no error and the judgment is affirmed.

McCULLOCH, concurs in the judgment.

SMITH, J., dissents.