WATKINS *v*. RELIANCE LIFE INSURANCE COMPANY.

Opinion delivered February 13, 1922.

1. INSURANCE—SELF-INFLICTED DEATH—EVIDENCE.—Where an insurer relied upon exemption from liability for self-inflicted death as a defense in an action on the policy, it was error to permit defendant's agent to testify that at the time the beneficiary made proofs of insured's death there was no question about accidental discharge of the pistol which killed deceased; there being no proof that any questions were asked or admissions made by her concerning that issue.

2. INSURANCE—EFFECT OF PROOF OF DEATH.—The beneficiary of an accident policy is under no duty, when making proof of insured's death, to raise the issue as to whether the death was accidental or self-inflicted; proof of death placing on the insurer the burden of overcoming the presumption against suicide.

Appealed from Jefferson Circuit Court; *W. B. Sorrels*, Judge; reversed.

*Danaher & Danaher*, for appellant.

1. It was clearly erroneous to permit defendant to ask the witness Lee the question, "Was there any question at that time about any accidental discharge of the pistol?" and to permit him to answer, "No". Plaintiff was under no duty at the time to do more than to answer the questions asked her by Lee, who was defendant's agent obtaining proofs of the death; and her failure to volunteer some information about which the agent did not ask cannot be distorted into an estoppel *in pais*.

2. There is a presumption of law against suicide, even though the wound be self-inflicted, but the presumption is that the wound, or injury, was accidental until the contrary is proved. 80 Ark. 195. When the plain-

tiff proved that deceased was found with a pistol-shot wound in his head which caused his death, she made a *prima facie* case, and the burden was on the defendant to overcome by evidence the presumption of accidental injury and death. The court erred in refusing so to instruct the jury. *Id.;* 128 Ark. 160; 131 *Id.* 419; 146 *Id.* 70.

*Coleman & Gantt,* for appellee.

1. The question and answer to which appellant objects was not prejudicial. It was answered in the negative, and does not indicate whether it was the accident or the suicide that was not questioned.

2. There was no error in refusing to give appellant's requested instruction No. 5. A party cannot complain because the court does not give an instruction in which it was offered, and in this case the court, in instructions given, fully and correctly stated the law on the question of *prima facie* showing and the presumption against suicide, and as to the burden of proof. The instruction asked was argumentative and misleading. 77 Ark. 434, 438-9; 58 Ark. 108; 95 Ark. 456.

WOOD, J. The appellant, as beneficiary, brought this action against the appellee to recover on three policies of life insurance; two for $1,000 each issued February 18, 1916, and one for $1,000 issued January 22, 1920. To one of the policies issued February 18, 1916, there was attached an additional accident policy for $1,000. This policy stipulated that if Carl F. Watkins should die from the results of bodily injury, effected solely through external, violent and accidental means, the defendant would pay to the beneficiary, Sarah A. Watkins, the additional sum of $1,000. The appellant alleged that the insured, Carl F. Watkins, died on November 17, 1920, and that the injury from which he died was caused by a pistol shot through the head; that the pistol was accidentally discharged in a manner unknown to the appellant. The appellant prayed for judgment in the sum of $4,000.

The answer admitted that the appellee was indebted to the appellant in the sum of $2,000, but denied that it was indebted to the appellee under the policy issued January 22, 1920, because said policy contained the following provision: "Self-destruction during the first policy year, whether the insured be sane or insane, is a risk not assumed by the company, but in such case the company will return in full all premiums actually received." The appellee further alleged that Carl F. Watkins destroyed himself on November 17, 1920, during the first policy year, and that under the above provision the appellant was not entitled to recover on this policy anything except the returned premiums, which the appellee tendered, amounting to $31.50. The appellee further alleged that the policy of February 18, 1916, contained the following provision: "This policy does not extend to any accidental bodily injury caused or contributed to directly or indirectly by sickness or disease, nor cover disappearance nor war risk nor loss due to hernia, however caused, nor loss resulting from any means or action, which, if used or done by the insured while in the possession of all mental faculties, would be deemed intentional or self-inflicted, nor loss suffered while, or resulting from, riding or being in or on an aerial device or conveyance." The appellee pleaded the above provision in bar of appellant's right to recover on the policy containing such provision.

The trial resulted in a verdict and judgment in favor of the appellant against the appellee in the sum of $2,031.50. The result was to allow the appellant to recover only the sum which the appellee admitted was due on the policies and to deny her the right to recover the additional sum of $2,000 which she alleged to be due on the policies.

One of the grounds of motion for a new trial is: "The court erred in permitting witness Lee, over plaintiff's objections, to be asked and to answer the following question, 'Was there any objection at that time about

any accidental discharge of the pistol? A. No.' There were several other grounds, but the above is all we find it necessary to consider. The motion for a new trial was overruled, and this appeal has been duly prosecuted.

C. A. Lee was a witness on behalf of the defendant below (appellee here). He testified that he lived in the city of Pine Bluff, Arkansas, and was manager of the Metropolitan Life Insurance Company. He was acquainted with Carl Watkins, the insured, and the appellant, Mrs. Watkins, the mother of Carl Watkins. Carl had two policies in witness' company. Witness had a conversation with Mrs. Watkins, the beneficiary, after Carl's death, regarding the manner of his death. "She came in to make out a death claim, and I talked with her about it." She told witness that she did not see Carl shoot himself, but when she heard the shot she went to his room and got to him in time to lay him down on the floor. She did not say whether or not he killed himself. She stated the facts as she stated them on the witness stand. Witness was then asked the following question: "Was there any question at that time about any accidental discharge of the pistol?" And the witness answered "No." The attorney for appellant objected to the question and answer, and the objection was overruled, to which ruling of the court the attorney for the appellant duly excepted.

The question and answer were irrelevant and highly prejudicial to the rights of the appellant. Whether the attorney for the appellee so intended it or not, the form in which the question was propounded and the answer thereto were calculated to impress the jury with the fact that appellant, soon after the death of her son, when making proof of his death and asserting her claim under the policies of insurance, did not at that time assert or contend that the death of her son was caused by the accidental discharge of a pistol. The form of the question and the answer were calculated to make the jury believe that, if the appellant raised no question and did not con-

tend at the time she was making the proofs of death that the insured came to his death by accidental means, she ought not to be heard at the trial to contend that the death was caused by an accidental discharge of a pistol; that the fact that she did not so contend to appellee's agent when she was making proof of death was indicative of the fact that she did not make the contention then because it was not true, and that she knew it was not true. In other words, that she knew at that time that her son's death was not accidental, but suicidal.

It occurs to us that the necessary implication from the form of the question and the answer thereto is that the appellant, soon after the death occurred, did not claim that the death was accidental, and that if she did not raise the question then—so soon after the death occurred —her subsequent claim and contention at the trial were but an afterthought and should be so treated. The question and answer, having been allowed to go to the jury in that form, at least furnished the counsel for the appellee legitimate ground to argue that her claim and contention at the trial of an accidental killing by a discharge of a pistol was but an afterthought or fabrication. The form of the question propounded would lead the jury to draw the inference that it was appellant's duty, at the time she was making proof of death and at the time Lee was receiving such proof, to in some manner raise the issue as to whether the death was accidental or by suicide. Such was not the law at all. She established a *prima facie* case against the company for the payment of her claim under the policy when she made proof of the death of her son as the result of violent and external means. In such cases the presumption is that death is accidental, and the burden was upon the appellee company to overcome the presumption. "All that is necessary for a plaintiff to show to make out a *prima facie* case is the contract and death." See *Aetna Life Ins. Co. v. Taylor*, 128 Ark. 160; *Grand Lodge v. Bannister*, 80 Ark. 195; *Bus. Men's Acc. Assn. v. Cowden*, 131 Ark.

419; *Aetna Life Ins. Co.* v. *Little,* 146 Ark. 70; *Metropolitan Life Ins. Co.* v. *Chambers,* 136 Ark. 84; *Central Coal & Coke Co.* v. *Burns,* 140 Ark. 147; *Railway Mail Assn.* v. *Johnson,* 140 Ark. 289.

Now the appellee did not offer to prove by the witness receiving proofs of death that he propounded questions to the appellant which were intended to elicit from her information as to how the death occurred, whether accidental or by suicide, and did not offer to prove that appellant answered any questions or made any admissions concerning that issue. To be sure, if Mrs. Watkins, when making proof of the death of her son, had done or said anything to warrant the conclusion that she was not then contending that the death was accidental, but on the contrary had by her words or acts at that time admitted or declared that the death was by suicide, then it would be competent to show what those acts and declarations were. Because, under such circumstances, her acts and declarations would be relevant, as in the nature of admissions against interest and contrary to her contention at the trial. *Shinn* v. *Tucker,* 37 Ark. 580-92; *Woodmen of the World* v. *Jackson,* 80 Ark. 419; *St. L. I. M. & So. Ry. Co.* v. *Dallas,* 93 Ark. 209; 16 Cyc. 954; 22 C. J. 317; 2 Jones, Comm. on Evidence, § 236; 1 R. C. L. 477. But such is not the case here. Appellee's witness, Lee, was permitted to testify to all that Mrs. Watkins said and did when making proofs of death. This witness, after testifying to all she said and did at that time, and after saying that "she stated the facts then as she stated them on the witness stand," was asked, and permitted, to go further, and to express his own opinion that the effect of what Mrs. Watkins had said and done was to raise no question, *i. e.,* make no claim or contention at the time of proofs of death, that the killing was accidental. As we view it, the question propounded was tantamount to eliciting such a conclusion or opinion from the witness. After testifying fully to what Mrs. Watkins did and said at the time of making proofs of

death, it was for the jury, and not for the witness, to say whether the effect of her conduct at that time was to make no claim that the killing was done by accident, and thereby to virtually admit that it was suicide. It was for the jury, not the witness, to determine whether the words and acts of Mrs. Watkins at the time of making proofs of death were in the nature of admissions against her interest and inconsistent with her contention at the trial. The question was improper, and, as already stated, prejudicial to appellant.

Other errors were assigned, but the above is the only reversible error in the record. For the error indicated the judgment is reversed, and the cause remanded for a new trial.