Metropolitan Life Insurance Company *v.* Fry.

Opinion delivered June 29, 1931.

*Moore, Gray & Burrow,* for appellant.

*Robert Bailey,* for appellee.

HART, C. J., (after stating the facts). The common-law rule was that, after the lapse of seven years without intelligence concerning a person, the presumption of life ceased, and the burden of proof devolved upon the other party to show that he was alive. Greenleaf on Evidence (15th ed.), § 41; and case note to L. R. A. 1915B, p. 729. In this connection it may be stated that the presumption relates to the fact of death and not to the time of death. *Davie* v. *Briggs,* 97 U. S. 628.

Our statute on the subject is contained in § 4111 of Crawford & Moses' Digest, which is as follows:

"Any person absenting himself beyond the limits of this State for five years successively shall be presumed to be dead, in any case in which his death may come in

question, unless proof be made that he was alive within that time.''

In *Wilks* v. *Mutual Aid Union,* 135 Ark. 112, 204 S. W. 599, this section of our statute was construed to mean that any person, a resident of this State, and who absents himself from his home or residence beyond the limits of the State for five successive years and who has not been heard from by near relatives, friends, or neighbors, who would naturally make inquiry concerning his whereabouts and who would most likely receive communication from him and be in a position to know whether or not he was living, will be presumed to be dead unless there is proof to the contrary.

The same construction was recognized in. *Burnett* v. *Modern Woodmen of America,* 183 Ark. 729, 38 S. W. (2d) 24; but recovery was denied in that case because it was not shown that the insured had a residence in this State; and the statute therefore did not apply.

On the part of the appellant insurance company, it is insisted that the judgment must be reversed in this case because there is no showing made by appellees that the insured ever left the State of Arkansas. It will be observed that the case was tried by the court sitting as a jury, and that the court found the issues in favor of the plaintiffs. The evidence shows that the insured left his home at Russellville, Arkansas, to go to Morrilton, Arkansas, for the purpose of collecting and soliciting insurance. He expected to return home within a day or two and has remained away since that time, which was during the latter part of June, 1923. No intelligence has been received from him; and, although diligent search and inquiry were made by his father, his whereabouts have never been ascertained. His father inquired from friends and relatives in other portions of the State where they had lived and was informed that nothing had been heard from or of him. The district manager of the insurance company for which he worked, visited forty or fifty towns in the usual course of business and in each of

them made inquiry about the whereabouts of John N. Fry. So far as can be ascertained from the record, there was no occasion for him to leave his wife to whom he had been recently married. He was not in debt, and no cause of his disappearance was shown. In finding that he had gone beyond the limits of the State and disappeared for the period of five successive years, the court might properly take into consideration all the facts just recited as well as facts of which the court might take judicial notice such as the size and population of the State of Arkansas, the number and population of the various towns, and other matters which might make it more or less difficult to conceal one's identity in the State. The proof of absence from the State, like the fact of death, may rest upon circumstantial evidence. Neither death nor the fact of absence beyond the limits of the State can be inferred from the mere fact of disappearance; but when all the facts and circumstances connected therewith as recited above are considered, we think the court was warranted in finding that the insured had absented himself beyond the limits of the State for five successive years, and that this brought a presumption of death under the statute. *Kennedy* v. *Modern Woodmen of America,* 243 Ill. 560, 90 N. E. 1084, 28 L. R. A. (N. S.) 181; and *Fidelity Mutual Life Assn.* v. *Mettler,* 185 U. S. 308, 22 S. Ct. 662. See also Bacon on Life & Accident Insurance, page 1594, § 648, and Cooley's Briefs on Insurance, (2d ed.) vol. 6, pp. 5167-5168.

It is next contended that the court erred in allowing the plaintiffs to join in one action the suit on the two different policies. It is pointed out that, while Charles L. Fry and John N. Fry are named as the beneficiaries in the $1,000 policy and may be entitled to recover on that policy, the $125 policy is payable to the estate of the insured, John N. Fry, and that they have no right to recover on it. Under our statute relating to the law of administration, where a person dies leaving only adult heirs and no creditors, they may take possession of the

decedent's estate without administration. Crawford & Moses' Digest, § 1. Our statute also favors the bringing of suits by parties in interest. The undisputed proof shows that John N. Fry's wife secured a divorce from him after he had disappeared for something over a year, and that she has no interest whatever in his estate. His parents, Charles L. Fry and Jennie B. Fry, were entitled to his estate, and, there being no creditors, were entitled to maintain this action. *Metropolitan Life Ins. Co.* v. *Fitzgerald,* 137 Ark. 366, 209 S. W. 77.

The court was also warranted in finding that the plaintiff, Charles L. Fry, overpaid the premiums on said policies in the amount of $50, and that plaintiffs were entitled to recover that sum.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.