HARPER v. BANKERS' RESERVE LIFE COMPANY.

4—2626

Opinion delivered June 13, 1932.

*Oliver & Oliver,* for appellant.

*Dudley & Barrett,* for appellee.

McHANEY, J. November 16, 1926, Samuel Harper, deceased husband of appellant, made application to appellee for a policy of life insurance in the sum of $1,000, paying the premium therefor. The policy was issued bearing date January 8, 1927, in which appellant was named beneficiary. Twenty days later the insured died, and thereafter proper and timely proofs of death were furnished and demand made for payment, but appellee did nothing until June 29, 1927, when it sent its agent to appellee to effect a settlement. On that date, accompanied by a notary public of Corning, Arkansas, said agent called upon appellant, told her the policy was void because her husband had misrepresented his physical condition in the application, that his statements in this regard were warranties, were false, and that, because of such false warranties, the policy was void. He offered to return the premium paid, about $29, which she refused, and he finally offered her $100, stating that if she refused that she would get nothing. She finally made the settlement, signed a release, and the agent departed. Thereafter, within the period of limitations, she brought this action to recover the balance due on the policy, charging fraud in the procurement of the settlement. A second count of the complaint sought to recover special damages

for breach of the contract. In this count she alleged that her husband's farm was mortgaged, and that he was induced to apply for this on the representation of the agent that in the event of his death the amount of the policy would take care of the mortgage, and thereby preserve the homestead for the widow and minor children; and that appellee had breached the contract of insurance by refusing to pay, and that she had lost the farm homestead through or on account of such breach. Appellee demurred to the complaint. The court overruled the demurrer to the first count, but sustained it as to the second count. Appellant refused to plead further on the second count, and the court dismissed same. An answer was filed to the first count, denying the material allegations thereof. An affirmative defense was pleaded that insured had made certain statements in his application relative to his insurability which were false, known by him to be false, and made for the purpose of defrauding it.

The case proceeded to trial, and at the conclusion of the testimony on behalf of appellant the court sustained a motion for a directed verdict in favor of appellee. Judgment was entered accordingly, and this appeal followed.

We think the court erred in so doing. The trial court should not direct a verdict, thereby taking the case from the jury, unless there is no substantial evidence to support a verdict in favor of the other party. Of course, in a case where a verdict has been rendered which, in the opinion of the trial court, is against the preponderance of the evidence, it is the duty of the trial court to set it aside and grant a new trial on proper motion therefor; but the trial court is not authorized to take the case from the jury in the first instance, if there is some substantial evidence to support a verdict against the party making the request or in favor of whom it is directed. In determining the question here, we view the evidence in the light most favorable to the complaining party. Viewing the evidence in this light, the facts are substantially as follows: Appellant is a woman of

moderate education, not unlettered or ignorant, but inexperienced in business matters. She lived on a small farm at Palatka, Arkansas, with her husband and five small children, aged from 11 to 2, until his death. She made proof of death, but heard nothing from appellee until June 29, 1927, when its agent, Mr. Dow, and Mr. Arnold came to see her. She was not well at the time. Dow told her the company didn't intend to pay the policy, and that he had brought the premium, about $29, and would pay that back, and wanted to take up the policy. She refused to take it. She asked to be permitted to go to town to consult with a friend, but was told that, if she refused to accept that, it was all she would get. He told her Mr. Harper had "lied" in his application, and that he had cancer of the rectum at that time, and the policy was null and void. She told him if she couldn't collect the policy she would lose her home, and that he talked to her so she broke down and cried; told her again the return of the premium was all he would pay. She refused the offer, expressed the desire to go to town and advise with friends, and finally he offered to pay her $100, which she finally accepted and signed a release in the presence of Mr. Arnold. Other facts and circumstances appear, but we think it unnecessary to detail them. Appellant was fully corroborated by Mr. Arnold as to what Dow said and did. We think the effect of this evidence, when considered in connection with the fact that Dow's attitude was dictatorial, domineering and insulting, was sufficient to go to the jury on the legality of the settlement and the release executed pursuant thereto. Moreover, he made false statements to her regarding the effect of the alleged false statements made by the insured in his application for insurance. The policy provides that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties." Dow made the statement to her that Mr. Harper had misrepresented the condition of his health, and that this would avoid the policy. Such is not the law under the

above provision of the policy. If the applicant states what he honestly believes to be true regarding his physical condition, the fact that it turns out to be not true does not avoid the policy, as it is a representation merely. Of course, if his statements are false and known to him to be false, and are made fraudulently, they have the same effect as warranties. *Union. Aid Life Ins. Co.* v. *Munford,* 180 Ark. 1048, 24 S. W. (2d) 966. It is true that appellant testified that insured had some rectal trouble, piles he thought, but probably hemorrhoids, which later necessitated an operation from which he died, but she also testified that it was not considered serious by them, and that he worked every day, made a crop in 1926 and harvested it. The question will be then were his statements made in good faith, if untrue, or were they made knowing them to be false and for the purpose of defrauding appellee. See *American Nat. Ins. Co.* v. *Chavey, ante* p. 865. But the question here is, was the settlement conclusive of appellant's rights as a matter of law under the evidence, or was it a question for the jury? We think the question one for the jury as to whether the release was procured by fraud or coercion.

We think the court properly sustained the demurrer to the second count of the complaint.

Reversed and remanded for new trial.