UNIONAID LIFE INSURANCE COMPANY *v.* HARKEY.

4-2896

Opinion delivered March 27, 1933.

*Duty & Duty* and *Ollie Collins,* for appellant.

*Hogue & Burney,* for appellee.

HUMPHREYS, J. This suit was instituted by appellee against appellant in the circuit court of Pulaski County, Third Division, to recover a balance of $200 alleged to be due her on an insurance policy issued by appellant to her father, J. O. Keef, in which she was named the beneficiary. The policy was issued to her father on the 24th day of March, 1928, in lieu of an assessment policy he had carried in the Mutual Aid Union, the business of which had theretofore been taken over by appellant. After the new policy was issued to her father, he paid the annual premium thereon until the date of his death on the 24th day of December, 1930. The new policy was in the possession of appellant. It was alleged that, after the death of the insured, appellant's agent called on appellee and represented that only $300 was due her on the policy, whereas $500 was due thereon, and that, on account of the false representations made, she settled and released the appellant for a cash payment of $300.

An answer was filed denying that the settlement was procured through misrepresentations of appellant's agent and pleading the settlement and failure to tender back the amount paid her in bar of the action.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and consequent judgment for $200 in favor of appellee, from which is this appeal.

The policy on its face is an absolute undertaking or agreement to pay appellee $500 upon the death of her father, the insured, and the issue of whether the agent induced the settlement and release upon payment of $300 through misrepresentations was a disputed question of fact which was submitted to the jury under proper instructions. Appellant is bound by the finding of the jury in that particular.

Appellant, however, contends for a reversal of the judgment because appellee failed to return the money paid her before bringing this suit. In the instant case, the jury found that the release was obtained through the misrepresentations of appellant's agent. The rule is that, where the release of an insurer's liability on a policy is obtained by fraud, the beneficiary is not required, as a prerequisite to the maintenance of his suit, to tender the consideration paid for such release, but may sue for the balance of the obligation after deducting the amount paid for the release. *Industrial Mutual Indemnity Co.* v. *Thompson,* 83 Ark. 575, 104 S. W. 200.

No error appearing, the judgment is affirmed.