METROPOLITAN LIFE INS. CO. *v.* KENDALL.

5-804                                          284 S. W. 2d 863

Opinion delivered December 19, 1955.

*Daily & Woods,* for appellant.

*Wiley W. Bean,* for appellee.

J. SEABORN HOLT, Associate Justice. Blakley A. Kendall, the son of appellees, made application to appellant, Metropolitan Life Insurance Company, in Missouri, April 14, 1953, for life insurance in the amount of $5,000. On May 20, 1953 the policy was issued to him in Missouri on his payment of premium of $94.75. Thereafter, December 31, 1953, Blakley A. Kendall died of malignant tumor of the liver. Appellees, his named beneficiaries, filed the present suit to recover on the policy. Appellant denied liability and specifically pleaded as a defense that the insured in his signed application, which was a part of the insurance contract, knowingly made false answers to material questions propounded to him and thereby induced appellant to issue the policy; when in fact, Blakley A. Kendall was not insurable when the policy was delivered to him. On a trial, a jury having been waived by agreement, the court found in favor of appellees for the face of the policy, $5,000, and entered judgment accordingly. This appeal followed.

"The broad, uncontroverted rule is that the lex loci will govern as to all matters going to the basis of the right of action itself, while the lex fori controls all that is connected merely with the remedy. . . . It is well settled in this State that, when a party comes into court to enforce his remedy upon a contract, that remedy will be enforced in accordance with the laws of this State regulating the remedy and not according to the remedy of the State where the contract was made." *St. Louis-San Francisco Railway Co.* v. *Cox,* 171 Ark. 103, 283 S. W. 31.

For reversal appellant relied on but one point, that: "The trial court erred in excluding from evidence the appellant's offered depositions of Drs. Eber Simpson, J. B. Guccione, Louis F. Stephens, Charles Sparks and Clarence A. Bishop and Messrs. Eugene F. Nolan and D. W. Orr, as being privileged communications," or, as stated by appellees: "Were the depositions of the attending physicians and surgeons, and the records of the

hospitals, competent evidence at the trial in the lower court? Or, did appellees waive the privileged communications when they executed two authorizations, giving appellant the right to secure the medical history of appellees' deceased son?''

The application, which became part of the insurance contract, contained this provision: ''The foregoing statements and answers are true and complete. It is agreed that: 1. The Statements and answers in Part A and Part B of the application for this insurance shall form the basis of the contract of insurance, if one be issued. . . . I have read the foregoing answers before signing. They have been correctly written, as given by me, and are true and complete. There are no exceptions to any such answers other than as stated herein.'' The insurance policy contained this provision: ''The Company shall incur no liability under this application until a policy has been delivered and the full first premium specified in the policy has actually been paid to and accepted by the Company during the lifetime and continued insurability of the applicant . . .''

For the purpose of establishing the state of health and physical fitness of the assured, Blakley A. Kendall, from the date the policy was issued to his death, some seven (7) months later, appellant sought to put in evidence the deposition testimony of a number of physicians who had treated the assured in hospitals in Missouri and Arkansas during this period, and who had derived the information sought to be introduced by reason of having attended assured as indicated. On objection of appellees to the introduction of this testimony, on the ground that it was privileged and incompetent, the court denied its introduction, under the provisions of § 28-607, Ark. Stats. 1947. Appellant stoutly contends here that appellees waived the privilege accorded them by executing certain authorizations in their proof of loss in establishing their claim. It appears that on December 31, 1953 appellees signed the ''Claimant's Statement'' contained in appellant's printed form of ''Proof

of Death." They jointly executed printed authorization as follows:

"To any physician or, To the superintendent of, and To the Superintendent of any other institution where the deceased person named below has been treated within three years.

"I am claiming the proceeds of policy number 199 802 411A issued by the Metropolitan Life Insurance Company, on the life of Blakley Kendall (deceased), and I request you to permit bearer, who is authorized by me, to make or obtain a copy in whole or in part or an abstract of any records you may have concerning the above named decedent.

"I authorize bearer, on my behalf, to submit such copy or abstract directly to the Metropolitan Life Insurance Company *as part of the proofs of said claim.*

/s/ Amos C. Kendall      father
/s/ Lou B. Kendall      mother"

Thereafter on February 1, 1954, appellees executed the following instrument:

"Request for and Consent to Release of Information from Claimant's Records    To: Veterans Administration Address . . . . . . . . . .

*Blakley A. Kendall*
(Name of Veteran)

"The Undersigned hereby requests and authorizes the Veterans Administration to release to Metropolitan Life Ins. Co. c/o Mr. J. A. George, or bearer, Address 1 Madison Ave., New York 10, N. Y., information from the claims file or clinical records of the above-named veteran relating to the item or items specified below, for each of which the dates or approximate dates of the periods to be covered are stated:

"Item 1 — Information regarding dates of treatment and examination and advice—Complaint and brief history — Findings — Diagnosis — Autopsy findings for period from Nov. 21, 1946, to Dec. 23, 1953.

Item 2 — Information regarding date and basis for any award for period from Nov. 21, 1946, to Dec. 23, 1953. *This information is to be used for the following purposes: To facilitate consideration of policy claim —policy number 19802411A.*

/s/ Amos C. Kendall)
) Parents
/s/ Lou B. Kendall )''
*(Signature of Claimant)*
Hartman, Arkansas

Date: February 1, 1954
VA Form 10-3288
Mar. 1948

The insurance policy involved here contains no provision waiving the privilege as to the testimony of attending physicians, nor does it require the presentation of any such information as a part of the ''Proof of Death.'' These authorizations clearly were furnished, at appellant's request, as part of proof of loss, in order to obtain a settlement of their claim for the insurance; ''as part of the proof of said claim'' in one, and ''to facilitate consideration of policy claim'' in the other. In similar circumstances the governing rule has been clearly announced by this court in *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, where we said: ''According to the weight of authority, where a policy of insurance does not itself contain a provision for waiver of the privilege, the introduction in evidence of certificate of death given by a physician of the insured does not waive the provisions of the statute against physicians testifying concerning information received in the course of professional employment. . . . But whatever may be the state of the law on that question as established by the authorities, even if the rule be otherwise than as above stated, it can not be extended to cover a case like this, where the affidavit or certificate of the physician is not furnished pursuant to the requirements of the policy, but merely as a voluntary act in an effort to secure a settlement.'' This holding was reaffirmed in

*Aetna Life Ins. Co.* v. *McAdoo,* 106 F. 2d 618, (an Arkansas case, Sept. 12, 1939) by the Eighth Circuit Court of Appeals. In that case the claimant, beneficiary, executed the following authorization: ''I hereby authorize and direct you, and each of you and/or any physician or surgeon in your employ or associated with you in any way, to give the Aetna Life Insurance Company, at any time requested, any and all information they may desire and which may have been acquired by you, or any of you, and/or such physician or surgeon or associate, in attending my father Alonzo D. McAdoo in a professional capacity, and I hereby waive, as to the Aetna Life Insurance Company all provisions of law prohibiting any physician or surgeon who has attended Alonzo D. McAdoo from disclosing any information thereby acquired.'' The court said: ''The controversy is as to whether this waiver was a limited one for the purposes of adjustment and settlement of the claim or was general and covered use of that information in a suit involving the policy. It would seem that this matter is ruled against the company by *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, 44 L. R. A. N. S. 493.'' 106 F. 2d 618.

Accordingly the judgment must be and is affirmed.