Baxter v. Baxter.

5-2137                                            334 S. W. 2d 714

Opinion delivered May 2, 1960.

*Clinton R. Barry; D. L. Grace,* for appellant.

No brief filed for appellee.

George Rose Smith, J. This suit, although in form an adversary proceeding, is in substance an *ex parte* petition by which the appellant seeks a declaratory judgment finding that her first husband is dead and that her marriage to her second husband, the appellee, is valid. The chancellor refused to grant the requested relief, on the ground that the petitioner had not adduced sufficient proof to give rise to the statutory presumption of death.

The petition is based upon Ark. Stats. 1947, § 62-1601: "Any person absenting himself beyond the limits of this State for five years successively shall be presumed to be dead, in any case in which his death may come in question, unless proof be made that he was alive within that time." A related section, also part of the Revised Statutes, provides that where any husband abandons his wife and resides beyond the limits of the State for five years, without being known to his wife to be living during that time, his death shall be presumed, and any subsequent marriage entered into by the wife after

the end of the five years shall be valid. Ark. Stats., § 55-109.

The petitioner, then 18 or 19, and Frank Russell, then 36, were married in 1919 in Fort Smith, where they both resided. Except for a brief visit to Oklahoma soon after their marriage the couple continued to live in Fort Smith until Russell left his wife in about 1923. Mrs. Russell, without having sought a divorce, appears to have married Baxter in 1936. The present petition, which names Baxter as the sole defendant, was filed in 1959. It alleges that the federal Social Security Administration has refused to allow the petitioner's claim to benefits as the wife of the defendant. Baxter entered his appearance and in effect supported his wife's petition.

Owing to illness the petitioner was unable to appear in court to give her evidence. The chancellor, in an effort to develop the facts, appointed a master to visit the petitioner's home and take her testimony. Under questioning by the master Mrs. Baxter revealed no information that might be of value in an attempt to locate her first husband. Although she and Russell lived together for about four years she says that she did not know where he was brought up, that he never mentioned any of his relatives and that she knew nothing about them, and that Russell had no friends as far as she knew. She could not remember the name of the minister who performed the marriage ceremony. She said that Russell did not work at all, that she took in washing and made the living while Russell stayed around the house. Russell at times expressed a desire to go to Oklahoma, but apparently that was before their actual trip to that state soon after their wedding. When Russell deserted her he did not tell her that he was leaving nor indicate where he was going. She heard nothing from her husband after his departure.

We find it unnecessary to decide whether, in the circumstances of this case, a declaratory judgment proceeding may be employed in lieu of a suit for divorce, for we are unwilling in any event to say that the chancellor was wrong in holding that the petitioner did not offer suffi-

cient proof to justify the granting of her petition. Under this statute it is settled that neither the fact of death nor that of absence from the state can be inferred from the bare fact of a disappearance. *Metropolitan Life Ins. Co.* v. *Fry,* 184 Ark. 23, 41 S. W. 2d 766; *Metropolitan Life Ins. Co.* v. *Williams,* 197 Ark. 883, 125 S. W. 2d 441. Hence the petitioner had a burden of producing evidence from which the court might fairly conclude that Russell had lived continuously outside Arkansas for at least five years before the petitioner's remarriage in 1936.

In our prior cases the finding that the missing person had left Arkansas was based either upon evidence indicating that he intended to leave or upon proof of a diligent but unsuccessful search for him. Those were contested cases, with the safeguards inherent in any adversary proceeding. Here the *ex parte* request for a declaratory judgment is unsupported by comparable testimony that might take Frank Russell's whereabouts out of the realm of pure speculation. In *Wilks* v. *Mutual Aid Union,* 135 Ark. 112, 204 S. W. 599, we stressed the fact that the missing person had not been heard from by relatives, friends, or neighbors, "those who would naturally make inquiry concerning his whereabouts and who would most likely receive communication from him and be in a position to know whether or not he was living." Here the petitioner's testimony effectively shuts the door to any such inquiry, as she professes complete ignorance of her first husband's family and friends. There is no adversary to whom the burden of going forward with the evidence might be shifted. We do not feel compelled to lay down a rule that would leave to the chancellor, when confronted with a record like this one, no choice except to grant relief on the basis of testimony that he considered, conscientiously and with reason, as being improbable and unsatisfactory.

The decree must be affirmed.

WARD, J., dissents.

PAUL WARD, Associate Justice, dissenting. Assuming without deciding that it was proper to bring this proceed-

ing for a declaratory judgment, it is my best judgment that the Order of the trial court should be reversed.

. It is fairly deducible from the record that appellant married Frank Russell in 1919; that Russell deserted her in 1923; that the best information shows that he went to the State of Oklahoma; that he has not been heard of since; and that appellant married her present husband in 1936 and has lived with him ever since.

Bearing in mind that the question of appellant's 1936 marriage was not a controversial issue in the opinion, I am of the opinion that certain presumptions of the law fully sustain the position I have taken.

Because of the fact that appellant has lived with her present husband for approximately a quarter of a century the law presumes a legal marriage as stated in *Phillips* v. *Phillips,* 182 Ark. 206, 31 S. W. 2d 134. Also in view of the factual situation as set out above it must be presumed, under Ark. Stats. § 62-1601, that appellant's first husband was dead in 1936, having been absent from the State and unaccounted for at that time for a period of approximately 13 years.