## PARK FALLS LUMBER CO. v. BURLINGAME.

(Circuit Court of Appeals, Seventh Circuit. July 24, 1924.)

No. 3329.

**1. Trial �köö109—Court may dismiss action on statement by counsel and offer of proof.**

On trial to the court without a jury by stipulation, the court may dismiss the action on a full statement by counsel for plaintiff and offers of evidence, if the facts so stated and offered in proof would not sustain a recovery.

**2. Internal revenue �köö25—Additional return made by Commissioner presumptively correct.**

The duty imposed on the Commissioner of Internal Revenue to amend returns is not ministerial, but involves the exercise of judgment and discretion, and under Rev. St. § 3176, as amended by Revenue Act of 1918 (Comp. St. Ann. Supp. 1923, § 5899), requiring the Commissioner, when a false or fraudulent return has been made, to make a return from such evidence as he can obtain, which "shall be prima facie good and sufficient for all legal purposes," and to assess taxes thereon, a return and assessment so made by him can only be overturned by evidence clearly showing it to be erroneous.

**3. Internal revenue �köö25—Evidence held insufficient to invalidate assessment made by Commissioner.**

Evidence held insufficient to invalidate the action of the Commissioner in adding to the capital stock tax return of a corporation a sum which had been carried on its books for some years as "unearned surplus."

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action at law by the Park Falls Lumber Company against Everette H. Burlingame,

former acting Collector of Internal Revenue. Judgment for defendant, and plaintiff brings error. Affirmed.

Certiorari denied. 266 U. S. —, 45 S. Ct. 125, 69 L. Ed. —.

Wm. S. Bennet, of Chicago, Ill., for plaintiff in error.

H. A. Sawyer, of Milwaukee, Wis., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a writ of error to reverse a judgment of dismissal of petition of plaintiff in error, here called plaintiff, against defendant in error, here called defendant, brought by plaintiff, a Wisconsin corporation to recover $1,930, additional capital stock tax, assessed against and paid by plaintiff under protest under the following circumstances:

Plaintiff was incorporated under a different name in 1907. The present management came into control in February, 1913, and $3,450,000, full-paid capital stock was issued. At the time here in question plaintiff had surplus and undivided profits of $155,-259.91. To represent the actual value of its property on March 1, 1913, plaintiff, in addition to the values then carried upon its books, added "unearned surplus" $1,774,-802.03.

When plaintiff, on or about August 31, 1920, filed its capital stock tax return for the year ending June 30, 1920, it represented its stock to be worth no more than its par value of $3,450,000. It also disclosed "unearned surplus" as above stated and its surplus and undivided profits as above. Accompanying that statement was an explanation, which shows that plaintiff arrived at the amount of tax paid for the year of $3,450 by taking as the fair value of the total capital stock the actual par value, less $5,000, deductible under the provisions of the Revenue Act of 1918, title 10, "Special Taxes" (section 1000a [1], 40 U. S. Stat. p. 1126 [Comp. St. Ann. Supp. 1923, § 5980n]), thereby eliminating the total of the surplus and undivided profits and the "unearned surplus" aggregating $1,930,-141.94. Upon the latter amount, the additional tax of $1,930 in question was assessed. The Commissioner found that the fair average value of the capital stock of the plaintiff for the time in question was the total of the capital stock paid in, undivided profits and surplus, and unearned surplus.

The defendant answered, making specific admissions of fact, and denying all allegations of the complaint not expressly admitted. The following jury waiver was filed:

"It is stipulated and agreed that trial by jury be waived in the above entitled action and that the issues of fact and of law in said action be heard, tried, and determined by the judge of the above named court and that special findings be made by said court on the issues raised in said action."

During the progress of the trial, plaintiff made certain offers of proof, all of which were excluded by the court, and the petition was dismissed.

[1] 1. Complaint is made that the method adopted in disposing of the case by the trial court was unusual. We cannot say that the exact method adopted by the trial court has heretofore been pursued, but there is no reason why a case should not be finally disposed of, after a full statement by counsel of the proposed proof, if the facts, so stated, would not in law support a recovery. In this case the trial court went much further and heard not only the statement but specific offers of proof, and in dismissing the petition made the following statement:

"I am perfectly satisfied that, if these facts were here before a jury, the court could not submit the question to the jury. It would be a clear case of direction, for the simple reason, as I have just noted, there is nothing to impugn the discretionary exercise or the exercise within the field of discretion by the Commissioner of his power. That disposes of this case."

There was no error in the method adopted, unless the court erred in its conclusion as to the evidence tendered. Oscanyan v. Arms Co., 103 U. S. 261, 263, 26 L. Ed. 539.

[2] 2. It is urged by plaintiff that the effect to be given to the assessment of the Commissioner must be measured by United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131, wherein, in discussing an assessment or tax made upon liquor, the court said:

"The assessment of the Commissioner of Internal Revenue was only prima facie evidence of the amount due as taxes upon the spirits distilled between the dates mentioned. It established a prima facie case of liability against the distiller, and nothing more. If not impeached, it was sufficient to justify a recovery; but every material fact upon which his liability was asserted was open to contestation. He and his sureties were at

liberty to show that no spirits, or a less quantity than that stated by the Commissioner, were distilled within the period mentioned, and thus entirely, or in part, overthrow the assessment."

That case does not appear to have been cited or again adverted to in the Supreme Court, but there have been many authorities since in which the Supreme Court has dealt with the conclusiveness of the determination of facts by the heads of departments in the administration of governmental affairs. Some of the cases have related to the postal department, some to the Land Department and others to various matters. In Bates & Guild Co. v. Payne, 194 U. S. 106, 108, 24 S. Ct. 595, 597 (48 L. Ed. 894), the court said:

"Where Congress has committed to the head of a department certain duties requiring the exercise of judgment and discretion, his action thereon, whether it involve questions of law or fact, will not be reviewed by the courts, unless he has exceeded his authority or this court should be of opinion that his action was clearly wrong. In the early case of Decatur v. Paulding, 14 Pet. 497, it was said that the official duties of the head of an executive department, whether imposed by act of Congress or resolution, are not mere ministerial duties, and, as was said by this court in the recent case of Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 324: 'Whether he decided right or wrong is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction.' * * * The rule upon this subject may be summarized as follows: That where the decision of questions of fact is committed by Congress to the judgment and discretion of the head of a department, his decision thereon is conclusive, and that even upon mixed questions of law and fact, or of law alone, his action will carry with it a strong presumption of its correctness, and the courts will not ordinarily review it, although they may have the power, and will occasionally exercise the right of so doing."

See, also, American School, etc., v. McAnnulty, 187 U. S. 94, 108, 23 S. Ct. 33, 47 L. Ed. 90; U. S. v. Ju Toy, 198 U. S 253, 25 S. Ct. 644, 49 L. Ed. 1040 (cited in Ng Fung Ho v. White, 259 U. S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938); Houston v. St. Louis Packing Co., 249 U. S. 479,

484, 39 S. Ct. 332, 63 L. Ed. 717; Milwaukee Pub. Co. v. Burleson, 255 U. S. 407, 413, 41 S. Ct. 352, 65 L. Ed. 704.

This is, in effect, the rule laid down by Justice Story (Allen v. Blunt, Fed. Cas. No. 216):

"It may be" safely "laid down as a general rule that, where a particular authority is confided to a public officer, to be exercised by him in his discretion upon an examination of the facts, of which he is made the * * * judge, his decision upon these facts is, in the absence of any controlling provisions" of law, "absolutely conclusive as to the existence of those facts."

Under the Revenue Act of 1918, title 13, General Administrative Provisions, § 1317 (40 U. S. Stat. p. 1147), various sections of the Revised Statutes are amended. Section 3176, as amended (Comp. St. Ann. Supp. 1923, § 5899), provides that, if a corporation "fails to make and file a return or list at the time prescribed by law or by regulation made under authority of law, or makes, willfully or otherwise, a false or fraudulent return or list, the collector or deputy collector shall make the return or list from his own knowledge and from such information as he can obtain through testimony or otherwise. In any such case the Commissioner may, from his own knowledge and from such information as he can obtain through testimony or otherwise, make a return or amend any return made by a collector or deputy collector. Any return or list so made and subscribed by the Commissioner, or by a collector or deputy collector and approved by the Commissioner, shall be prima facie good and sufficient for all legal purposes. * * * The Commissioner of Internal Revenue shall determine and assess all taxes, other than stamp taxes, as to which returns or lists are so made under the provisions of this section."

We are of opinion that the provisions of this section are applicable to the case before us, because, in making its sworn return, the plaintiff willfully and intentionally omitted, as an element in fixing the value of its capital nearly $2,000,000, represented by the unearned surplus and the surplus and undivided profits, so that the Commissioner had to enter upon an investigation and consideration of the facts, as disclosed in the return, which was accompanied by and included in the statement of explanation.

[3] The evidence tendered must be considered. The offers were:

First, that the March 1, 1913, values— that is, the unearned profits—had not been

realized in the operation of the business. That matter was placed before the Commissioner fully in plaintiff's "Statement in Explanation of Amount Entered on Line 15 of This Return," and was also fully stated in plaintiff's letter of March 28, 1921, to the Commissioner.

Second, that the business since 1913, down to date, has resulted in a net loss. That matter, if true, was always known to plaintiff, and was substantially presented to the Commissioner in the explanation above referred to and in the letter of March 28, 1921.

Third, that the particular character of the property, stumpage, differs from other property, in that it is subject to losses against which no insurance can be laid. That matter was always known to plaintiff, and was in substance presented to the Commissioner in the letter of March 28, 1921.

Fourth, offer to prove that the Commissioner of Internal Revenue had not yet accepted the values placed upon the stumpage land by the Park Falls Lumber Company as of March 1, 1913, as correct. Whether that was true or not, it would make no difference. They were values which were fixed and set up on the books by plaintiff for its own purposes, and have been maintained there for seven years, and in at least one instance, as shown by the record, advantageously used. Whether the Commissioner had approved it or not is immaterial.

Fifth offer was accepted as a fact.

Sixth, was an offer to prove unearned surplus was an account containing valuations made at the request of Daniel C. Roper, Commissioner of Internal Revenue, as of September 15, 1919, for the purpose of establishing March 1, 1913, values for income tax purposes and not for any purpose in connection with the assessment of capital stock. Whatever the purpose for which the values were put upon the books, they were values fixed by plaintiff and presumably are fair and honest for every purpose. There was an offer also to prove the facts set out in paragraph 10 of the complaint. Paragraph 10 sets out matters relating to the expenditure, as investments, of large sums of money for logging railroads, plant construction, etc. It also relates to the requirements of the Revenue Act as to methods of bookkeeping, sets out the fact that there have been but two transfers of stock, and also that the Commissioner had, in a form prescribed for taxpayers similarly situated, a tax return which permitted certain things to be done. Those matters were always known to plaintiff, and were to some extent presented to the Commissioner, and we are of opinion were wholly immaterial, on the trial below.

There is nothing in any of the evidence offered that fairly tends to overcome the finding of the Commissioner. Some of those representations are as follows:

"Statement in Explanation of Amount Entered on Line 15 of this Return.—Line 15 states the fair market value of the capital stock of the corporation to be the sum of $3,450,000."

Here are some of the statements:

"This amount is entered although it is less than the one reflected by Exhibit A for the following reasons: (1) These officers did not assert or claim that the actual fair value of the assets of the company is less than the fair value of such assets as set forth in Exhibit A."

In paragraph 4:

"These officers feel that they are unable to state with precision the fair value of the stock of this corporation or say just where the line should be drawn in order to give due weight to the two factors, to wit, the value of the company's assets and its earning power."

The correspondence between the Commissioner and plaintiff shows that the Commissioner took into consideration not only the facts as presented to him by the plaintiff, but also all of the relevant facts that were then obtainable, and we see nothing in the evidence tendered and rejected that would overcome the assessment of the Commissioner even though it be considered to be but prima facie right.

The judgment of the District Court is affirmed.