Hay, Judge,
delivered the opinion of the court:
The plaintiff is a corporation and conducts in the State of North Carolina a resort at Chimney Eock Mountain in said State. Under its charter it is given the right to engage in furnishing entertainment and amusement for the general public; to engage in the hotel and restaurant business, and to construct drives, paths, elevators, and scenic ways, and to charge reasonable tolls and fares to persons using and visiting its property. As a part of its resort it constructed an improved road over its own land and that which it had leased in perpetuity. This road is three miles in length and runs from a point in the State highway between Asheville and Charlotte, North Carolina, to a parking place at the base of Chimney Eock Mountain. This road is owned and controlled by the plaintiff, and the plaintiff exercises the right to exclude any and all persons from its use.
Since May 1, 1920, the plaintiff has charged to each person using this road one dollar, and this whether the person using the road was on foot or horseback, or in a vehicle. If the vehicle contained more than one person, then each person was required to pay the dollar. At a point on said road about two and one-half miles from the State highway and about one-half mile from the parking place the plaintiff' maintained a ticket office, which was open day and night and in which was located its representative. It was the duty of said representative to collect from each person passing his office the sum of one dollar. Upon its payment a strip ticket was issued to the person, which ticket was collected by the plaintiff’s representative at the aforesaid parking place. This ticket was good only on the day of its purchase, and entitled the purchaser to parking space and to use the trails and stairways and visit the points of interest provided by the plaintiff at its resort.
The plaintiff was required by the collector of internal revenue for the western district of North Carolina and by the Commissioner of Internal Eevenue to collect admission taxes on the amount of the charges made by it, and to pay the same to the said collector, and the amounts so paid to the said collector monthly from July 19, 1921, to June 20,. *664 1925, amounted to the sum of $14,896.56. Within four years next after the payment of said taxes the plaintiff duly filed its application with the Commissioner of Internal Revenue for the refund thereof, which application was rejected by the said commissioner on January 6, 1926.
The plaintiff is now suing in this court for said amount.
The. plaintiff contends that the charges upon which it was required to pay these taxes were toll charges, which it had the right to exact for the use of its road. The defendant maintains that the charges made by the plaintiff were admission charges to a place within the meaning and contemplation of the statutes providing for the collection of admission ■charges. The statutes involved are as follows:
Section 800 (a) of the revenue act of 1918, 40 Stat. 1057:
“ (1) A tax of 1 cent for each 10 cents or fraction thereof •of the amount paid for admission to any place on or after such date, including admission by season ticket or subscription, to be paid by the person paying for such admission ”; and section 800 (a) of the revenue act of 1921, 42 Stat. 227:
“ (1) A tax of 1 cent for each 10 cents or fraction thereof ■of the amount paid for admission to any place on or after such date, including admission by season ticket or subscription, to be paid by the person paying for such admission; but where the amount paid for admission is 10 cents or less, no tax shall be imposed.”
Section 500 (a) of the revenue act of 1924, 43 Stat. 253:
“ (1) A tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place on or after ■such date, including admission by season ticket, or subscription, to be paid by the person paying for such admission; but where the amount paid for admission is 50 cents or less, no tax shall be imposed.”
The road here in question is a private road; it is not in the general acceptation of the word a toll road; it is owned and exclusively operated by the plaintiff for its own purposes, and the plaintiff exercises the right to exclude from its use any and all persons. The road is in effect an entrance to the plaintiff’s resort, and no person can be admitted to this resort without payment of a fee which the plaintiff exacts. The place to which admission is granted by the payment of this fee is one which is maintained for the amusement and entertainment of the general public, and is such a place as *665 is contemplated by the statutes. The road is a source of revenue to the plaintiff and is an integral part of its resort. The charges are made, not as-tolls, but as entrance fees to a place of entertainment for the general public; this is demonstrated by the fact that these fees are required to be paid only when the person or persons using the road enter the resort. No charges are made for the use of two and one-half miles of the road. We are of opinion that these charges are admission fees and come within the provisions of the statutes.
The petition of the plaintiff must be dismissed. It is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice,. concur.
Graham, Judge, took no part in the decision of this case.