### TWIN FALLS NATATORIUM v. UNITED STATES et al.

District Court, D. Idaho, S. D.    October 31, 1927.

No. 1266.

1. **Internal revenue ⬲38(12)—Evidence held to support conclusion that charges made by natatorium, were for use of swimming pool, and within law relating to admission taxes (Revenue Act 1918; Revenue Act 1921).**

In action by natatorium to recover back amount of admission taxes paid, on ground that only charges made were for rental of dressing rooms, bathing suits, towels, and other facilities furnished to patrons, evidence *held* to support conclusion that charges were for use of swimming pool, and therefore were admission taxes, within Revenue Act 1918 (40 Stat. 1057) and Revenue Act 1921 (42 Stat. 227).

2. **Internal revenue ⬲38(12)—One suing to recover back admission taxes paid must show by clear evidence that Commissioner's assessment was erroneous (Revenue Act 1918; Revenue Act 1921).**

In action against government to recover back amount of admission taxes paid, after assessment by Commissioner of Internal Revenue under Revenue Act 1918 (40 Stat. 1057) and Revenue Act 1921 (42 Stat. 227) burden is on plaintiff to show by clear evidence that as-

sessment is erroneous, before it will be overturned.

In Equity. Suit by the Twin Falls Natatorium against the United States and another. Complaint dismissed.

Leslie J. Aker, of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and William H. Langroise, Asst. U. S. Dist. Atty., both of Boise, Idaho, for defendants.

CAVANAH, District Judge. The plaintiff, Twin Falls Natatorium Company, was incorporated under the laws of the state of Idaho, and during the years 1921 and 1922 operated for profit a swimming pool and bathhouse near the city of Twin Falls, Idaho, and charged its patrons for the use of its facilities certain amounts, which the government claims are subject to "admission taxes," within the meaning of the Revenue Acts of 1918 and 1921 (40 Stat. 1057; 42 Stat. 227). The company was assessed by the Commissioner of Internal Revenue the sum of $512.-15 as "admission taxes" for the years 1921 and 1922, which was collected by the collector for the district of Idaho; and hence this suit was brought to recover back the amount upon the contention that the assessment was illegally made, as the only charges made by the company were for rental of dressing rooms, bathing suits, towels, and other facilities furnished by it to its patrons. In due time a claim for a refund for such amount was presented to the Commissioner, which was thereafter disallowed. The record of the Commissioner's office, disclosing the assessments made, together with the claims filed by the company, and a stipulation of facts containing five affidavits attached, of which four were made by the manager of the company and one by W. B. Lawrence, constitute the record upon which a decision is to be made of the issue as to whether or not the charges so made by the company to its patrons, on entering its place of business and using its swimming pool and bathhouse, are subject to "admission taxes," within the meaning of the Revenue Acts of 1918 and 1921.

[1] The only record as to the manner in which the natatorium was conducted is disclosed by the four affidavits of the manager, and an analysis of them becomes necessary in order to determine that issue of fact. In the first affidavit of October 28, 1923, it is stated in clear language that the company has maintained a public plunge or natatorium since the spring of 1921, and that a fee was

charged to all patrons using the dressing rooms, bathing suits, towels, and pool, as follows:

For adults who were furnished with suits and using the pool................... 50¢
For those having their own suits and using the pool............................ 35¢
For children between the ages of 12 and 16 years, who are furnished with bathing suits and using the pool........... 35¢
For such children having their own bathing suits and using the pool........... 25¢
For children under 12 years, whether furnished with bathing suits or not and using the pool........................ 25¢

And that all of the charges made were for the use of the pool or plunge, dressing rooms, towels, and rental of bathing suits. On February 7, 1924, the manager made his second affidavit, termed a supplemental affidavit to his first one, and specifically refers to the affidavit of Lawrence, stating the kind of tickets used, and samples thereof were attached and marked Exhibits A and B, as follows:

Exhibit A:

Est. Price—27¢     Total
Tax Paid — 3¢       30
                    cents
—
Twin Falls
Natatorium 012744
Twin Falls, Idaho.

Exhibit B:

Est. Price—13¢     Total
Tax Paid — 2¢       15
                    cents
—
Twin Falls
Natatorium 008788
Twin Falls, Idaho.

It is further stated in this affidavit, and in the affidavit of Lawrence, that the tickets were issued and used for the purpose of keeping an accurate account of moneys paid as tax on admissions, and for no other purpose, and that Lawrence had advised the manager that the company would be liable under the internal revenue laws for the admission tax. The third and fourth affidavits of Laubenheim, the manager, are in contradiction of his former affidavits; for it is there stated that no charge was made by the company for admission to the pool, and the only charge made related to the rental of dressing rooms, bathing suits, and towels, and other facilities furnished by it.

If the first two affidavits of Laubenheim are true, then there can be no question but that the company made a charge for the use of the pool whenever it furnished a bathing suit, or where a patron used his own. The use of the pool was not free, if we take these first two affidavits of Laubenheim, and the affidavit of Lawrence, as true, as we are informed that a charge of 35 cents was made to patrons entering the natatorium for the use of the pool, when having their own suits, and 50 cents to those to whom suits were furnished by the company. This was a sworn statement made by the manager of the company, and presented to the Commissioner when its claim for refund was considered and passed upon. The Commissioner, upon such affidavits, could not have done otherwise than decide as he did—that the charges were for the use of the swimming pool, and therefore within the provisions of the law relating to admission taxes. To now, after this suit is instituted, accept the affidavit of plaintiff's manager, of date March 2, 1927, in which he contradicts himself and the affidavit of Lawrence, would open the door to the plainest fraud. Such reckless testifying is to be condemned, instead of basing a decree thereon.

The principle that disposes of this case is that, where the assessment made by the Commissioner is based upon the return and affidavits of plaintiff, showing that a charge was made for the use of the swimming pool to persons, whether they or the company furnished the suits, the amount paid means the amount necessarily paid, because required for admission to the use of the pool. The bathing ticket is a charge for a suit, and also a charge for admission to the use of the swimming pool, and the mere fact of those using their own suits not having to pay as much as those to whom suits are furnished does not remove the necessity of the use of the pool. The charge is primarily for the use of the pool, and no one is permitted, if we accept as true the return to the Commissioner, the first affidavits of the manager, and the affidavit of Lawrence, in the pool without the payment of the charge of either 35 cents or 50 cents. This is in effect the rule laid down by Judge Cushman in United States v. Koller et al. (D. C.) 287 F. 418.

[2] The further principle is applicable here, in determining whether or not the plaintiff has established that the assessment made by the Commissioner was erroneous, that the burden is upon the plaintiff, when the judgment of the Commissioner is involved, to show by clear evidence that the assessment is erroneous, before it will be overturned. This the plaintiff has not done. Park Falls Lumb. Co. v. Burlingame (C. C. A.) 1 F.(2d) 855.

A decree dismissing the complaint will be entered.