**EXMOOR COUNTRY CLUB v. UNITED STATES.**

No. 7498.

Circuit Court of Appeals, Seventh Circuit.

April 30, 1941.

962

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, and Hubert L. Will, both of Washington, D. C., for appellant.

Frank H. Towner, of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The United States imposed a tax upon the appellee, Exmoor Country Club. Appellee paid the tax and filed a refund claim, which the Commissioner of Internal Revenue rejected, and appellee brought this action to recover the tax. The District Court, trying the case without a jury, found the issues for appellee and entered judgment against the appellant for $2874.09. The correctness of the judgment as to $1426.34 is not disputed. To reverse the judgment as to the balance of the judgment, the United States has appealed. The taxing statute, Revenue Act of 1926, c. 27, 44 Stat. 9, § 500(a) (1), as amended by the Revenue Act of 1932, c. 209, § 711(a), 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 270, imposes a tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place, * * * to be paid by the person paying for such admission * * *.

Appellee maintains a private golf course and a club house and operates a swimming pool and an ice skating rink to which the general public has no access. It is a nonprofit corporation, no part of its net profits inuring to the benefit of any private individual, except that regular members who happen to be such upon its dissolution are entitled to receive their pro rata share of its net assets.

To qualify as a member a person is required to be elected, pay a transfer fee, and during his membership to pay dues. Members are permitted to invite guests and to use appellee's facilities. For the use of the swimming pool, skating rink and for the privilege of dining and dancing it made certain charges against its members and their guests. For the period from June, 1932, to March, 1936, it collected $9,539.50 as charges for members' guests dining and dancing, $890 for use of the swimming pool, and $1,650 from those using the skating rink. It also collected $3328.50 from guests of its members as a charge for attendance at a Harvest Home dinner dance and New Year's Eve party. It also appears that, although admonished prior to their accrual that it would be liable for the taxes on the charges for admission for members' guests, appellee failed to collect such taxes.

The amount representing liability for the taxes in question was assessed against the appellee in the amount of $1,447.75. The District Court found that appellee's facilities were private, open only to qualified members in good standing and to guests of such members; that at all parties conducted by appellee no entertainment was offered or supplied other than dinner and music for dancing; that the charges against its members for their guests' use of the swimming and skating facilities of the club did not, of themselves, entitle members and guests to use such facilities, and stated his conclusions of law. He was of the opinion that such charges were not amounts paid for admission to a place within the meaning of the taxing statute.

In support of the judgment appellee urges (1) that the charges paid were for the use by guests of the swimming pool and skating rink and not for admission, (2) that its premises and activities are not open to the

public and have not been carried on nor its facilities operated for profit, and (3) that its skating rink, swimming pool and dance floor are not places within the meaning of the taxing statute.

 In this case the facts are not in dispute. The problem is one of construction, i. e., the application of the taxing statute. In such situations, where the ultimate finding is a conclusion of law or at least a determination of a mixed question of law and fact, it is subject to judicial review, and on such review the appellate court may substitute its judgment for that of the trial court. Bogardus v. Commissioner, 302 U.S. 34, 39, 58 S.Ct. 61, 82 L. Ed. 32 and Deputy et al. v. Du Pont, 308 U.S. 488, 499, 60 S.Ct. 363, 84 L.Ed. 416.

First. In two cases [1] involving Acts similar to the statute here involved, it was held that amounts charged for skates and the privilege of using a public roller skating rink operated for profit, were admission charges. We agree with the conclusions reached in those cases. In our case neither guest nor member would have been admitted to the pool or rink without the payment of an admission charge, consequently, the payment of the charge for the guest was for his admission to and use of the pool and rink.

Second. Appellee contends that the statute is inapplicable because its premises and activities are not open to the public nor operated for profit and counsel argues that the intent of the statute was to reach admissions to public activities carried on for profit. To be sure, if doubt exists as to the construction of a taxing statute, that doubt should be resolved in favor of the taxpayer, but that is no reason for creating a doubt where none exists. The language of the statute now considered is plain and unambiguous. There is nothing in the language of the statute from which it can be inferred that Congress intended that the statute shall apply only to activities open to the public or to those conducted for profit. It clearly imposes the tax on amounts paid for admission to any place. Had Congress intended restricting taxable admissions solely to those charged at public places operated for profit, it would have specifically exempted such admission, as it has exempted the proceeds inuring exclusively to the benefit of religious, educational and charitable organizations and others mentioned in the statute.

Third. Finally, appellee contends that its rink, pool and dance floor are not places within the meaning of the statute. The argument is: They are integral parts of appellee's plant, having no independent existence. If there is a "place" it is appellee's entire plant. And to gain admission one must be a member, pay an initiation fee and dues, or be the guest of a member.

True it is that the entire golf club and the surrounding grounds constitute a "place." It is equally true that a swimming pool, a skating rink or a dance floor is also a "place." They are all places and in our opinion, whether in a public or private place of recreation, come within the meaning of the statute here involved.

The judgment is reversed with directions to enter one in accordance with the views here expressed.

[1] United States v. Koller, D.C., 287 F. 418 and Twin Falls Natatorium v. United States, D.C., 22 F.2d 308.