BEFORE THE FIRST DIVISION, SEPTEMBER 26, 1957

**No. 61224.**—Modernaire Furniture, Inc. v. United States, protest 252870–K (New York).

MOLLISON, Judge: This protest relates to merchandise described on the invoices as "headboards," which was classified by the collector as parts of furniture under the provisions of paragraph 412 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802.

The claim relied upon in the protest is for duty at the rate of 12½ per centum ad valorem under the provision in the same paragraph, as so modified, for furniture, other than chairs. The modified statute reads as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 412 | Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for: Chairs_____ Other furniture_____ Parts of any of the foregoing_____ | 20% ad val. 12½% ad val. 20% ad val. |

The facts are not in dispute. The headboards in issue are of a type which is used in connection with box springs and mattresses. Where the box spring and mattress rest on a steel frame or rail, the headboard may be attached thereto by clamps or screws, or it may be nailed to a wooden box spring frame, or it may stand independently just behind the spring and mattress, or it may be wedged between the spring and mattress and the wall. It is clear that the headboard is

not necessary to the functioning and use of the box spring and mattress as a bed and that its sole purpose is ornamental. The record indicates that headboards, such as those at bar, are usually or in "the greater portion of times" attached to the beds in conjunction with which they are used. They are, however, not structurally a part of the beds, which are supported on the floor by means of other than the structure of the headboard.

In the briefs filed by the respective parties, reference is made to the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, wherein our appellate court considered the tariff term "parts of" and defined its meaning as follows:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* * * * [Italics quoted.]

Plaintiff points out that the mere fact that the headboards at bar are used in conjunction with beds does not make them "parts of" beds (i. e., parts of furniture) under the foregoing definition, inasmuch as the record establishes that the type of beds with which they are used functions as a bed whether or not it has a headboard.

While not attacking the foregoing definition, counsel for the defendant suggests that, in making it, our appellate court was considering only utilitarian functions of articles, and parts thereof, and argues in effect that the definition should be extended to cover parts which have a decorative or ornamental function only in connection with the articles of which they are parts.

Counsel for the defendant has admitted in the brief filed in its behalf that he has not been able to find any case directly supporting this view. However, we think that it is unnecessary to decide whether the definition of "parts" embraces those parts which supply a decorative function only, as well as those parts which supply a utilitarian function, inasmuch as, even if defendant's contention were correct, the record does not support it.

Assuming the defendant's contention with respect to the scope of the term "parts of" to be correct, and that the definition of "parts" in the *Willoughby* case, *supra*, applies to parts having a decorative or ornamental function only, it would follow, as applied to the instant case, that only those parts which were necessary, in a decorative or ornamental sense, to the completion of beds would be considered parts of beds, and that such parts, moreover, would have to be integral, constituent, or component parts, decoratively or ornamentally, of the beds to which they were joined.

The testimonial record shows that headboards, such as those at bar, are sold as an individual item of furniture; that they are not necessarily jointed to the beds with which they may be used, and we think the conclusion is warranted that beds of the type with which they are used, i. e., box springs and mattresses, supported independently of the headboards, are complete, in both a utilitarian and a decorative or ornamental sense, without the use of such headboards.

We note that as an "appendix" to the brief filed on behalf of plaintiff, its counsel have included a number of newspaper advertisements intended to establish, according to statements in the brief, that headboards generally are a single item of furniture, a commercial entity apart from beds. The evidence in the testimonial record, already referred to, is confined to headboards such as or similar to those at bar.

Counsel for the defendant has made a formal objection to the presentation of evidence in such manner, on the ground that it is written hearsay. We sustain

the objection, and the matter contained in the so-called "appendix" has formed no part of our findings or conclusions in the matter.

We are of the opinion that headboards of the type of those at bar are accessory, as distinguished from integral parts of the beds with which they are used. The distinction was made in the case of *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872, wherein the appellate court said:

So it may be said that whether an article is an accessory or an integral part of a machine depends, to a considerable extent, upon its use. If its use is casual, auxiliary, or optional, it is an accessory. If, however, it is used as an essential part, and if the machine is incapable of performing its ordinary and proper functions without it, it will be considered, at least for tariff purposes, as an integral part of the machine.

We are of the opinion that the record shows that the headboards in issue are in the category of "casual, auxiliary, or optional" articles and are accessories to the beds with which they may be used, rather than "integral, constituent, or component" parts, whether considered in a utilitarian or decorative sense. Consequently, they are not embraced by the provision for "parts of furniture," under which they were assessed, and are properly dutiable, as claimed, under the provision for furniture, other than chairs, in paragraph 412, as modified, *supra*.

Judgment will issue accordingly.