(C.D. 3945)

TROPI-CAL v. UNITED STATES

United States Customs Court, First Division

(Decided December 24, 1969)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Robert T. Richardson* and *Frederick L. Ikenson*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

RE, Judge: The protest in this case is limited to the merchandise described on the invoice as "#5127–TW victorian bed headboard". It was assessed for duty at 17 per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as parts of furniture in chief value of wood. The plaintiff has protested the assessment and maintains that the merchandise is wood furniture under paragraph 412 of the Tariff Act of 1930, as modified, and is properly dutiable at 10½ per centum ad valorem.

At the trial, counsel for the plaintiff stated that the merchandise in the case at bar is identical to that in the case of *Modernaire Furniture, Inc.* v. *United States*, 39 Cust. Ct. 438, Abstract 61224 (1957), and the record of the *Modernaire Furniture* case was incorporated into the record of this case. Although the defendant did not object to the incorporation of the record of that case, no agreement or stipulation was entered into pertaining to the similarity of the merchandise. The official papers were received into evidence, but no witnesses were called and no exhibits were introduced.

The following are the pertinent competing statutory provisions:

Classified under:

Paragraph 412, Tariff Act of 1930, as modified by T.D. 54108:

"Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for:

\* \* \* \* \* \* \*

Parts of any of the foregoing_____ 17% ad val."

Claimed under:

Paragraph 412, Tariff Act of 1930, as modified by T.D. 54108:

"Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for:

\* \* \* \* \* \* \*

Other furniture _____ 10½% ad val."

In the *Modernaire Furniture* case, this court held that the bed headboards therein in issue were "in the category of 'casual, auxiliary, or optional' articles and are accessories to the beds with which they may be used, rather than 'integral, constituent, or component' parts,

whether considered in a utilitarian or decorative sense." *Id.* at 440. The court therefore held that the bed headboards in that case were not embraced by the provision for "parts of furniture" under which they were assessed, but were properly dutiable as claimed, under the provision for "furniture". A careful reading of the opinion of Judge Mollison in the *Modernaire Furniture* case, however, reveals that it is important to ascertain the nature of the particular headboards before they may be properly classified. Hence Judge Mollison quoted key paragraphs from two appellate court decisions. The first was a definition of the term "part" as found in the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 CCPA 322, 324, T.D. 46851 (1933):

> "It is a well-established rule that a 'part' of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article. * * ** [italics quoted]"

The second was a quotation from the case of *Peter J. Schweitzer (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 285, 292, T.D. 42872 (1928), wherein the court stated:

> "So it may be said that whether an article is an accessory or an integral part of a machine depends, to a considerable extent, upon its use. If its use is casual, auxiliary, or optional, it is an accessory. If, however, it is used as an essential part, and if the machine is incapable of performing its ordinary and proper functions without it, it will be considered, at least for tariff purposes, as an integral part of the machine."

In the *Modernaire Furniture* case the facts were not in dispute. The headboards in that case were of a type used in connection with box springs and mattresses. It was clear that they were not structurally a part of the bed, nor necessary to the functioning and use of the box spring and mattress as a bed. The sole purpose was ornamental. The defendant therein attempted to establish a refinement of the definition of parts, as given in the *Willoughby Camera Stores* case, and suggested that "the definition should be extended to cover parts which have a decorative or ornamental function only in connection with the articles of which they are parts." *Modernaire Furniture, Inc.* v. *United States*, 39 Cust. Ct. 438, 439, Abstract 61224 (1957). On the record in the *Modernaire Furniture* case the court did not deem it necessary to decide whether the definition of "parts" embraced those which supplied a decorative function only, as well as those which served a utilitarian purpose. Relying on the distinction made in the *Peter J. Schweitzer* case, the court held that the "headboards of the type of those at bar

are accessory, as distinguished from integral parts of the beds with which they are used", and therefore sustained the protest.

A reading of the *Modernaire Furniture* case and the record therein, upon which plaintiff relies, demonstrates with abundant clarity that there is no rule for customs classification purposes that categorically applies to all bed headboards. As stated by counsel for plaintiff in the *Modernaire Furniture* case, "it is very important" to know the type of headboard that is the subject of the protest. For this reason the witness in that case compared various types of headboards, and stressed that the headboard therein served "no purpose at all" and that it was only "decorative" or "ornamental".

Although the plaintiff in the *Modernaire Furniture* case proved that the headboard in that case was an "accessory", as distinguished from an integral part of the bed, no such proof can be found in the case presently before the court. There is no evidence before the court from which the nature or type of the headboard may be discerned. No sample or exhibit was moved into evidence, nor was testimonial evidence given that would indicate that the controverted merchandise was the same as that in the *Modernaire Furniture* case. The present record merely reveals the assertions of counsel for the plaintiff that "these headboards are complete in themselves" and that "the merchandise is identical to that which was involved in *Modernaire Furniture, Inc.* v. *United States*."

Factual assertions of counsel have on many occasions been treated by the courts as admissions. *Oscanyan* v. *Arms Company*, 103 U.S. 261, 263–265 (1881) ; *Lehigh Valley R. Co.* v. *McGranahan*, 6 F. 2d 431, 433 (2d Cir. 1925). Since an admission of fact may be taken as a conceded fact in the case, trial courts, under appropriate circumstances, have been justified in dismissing an action or directing a verdict for either plaintiff or defendant. *Park Falls Lumber Co.* v. *Burlingame*, 1 F. 2d 855, 856 (7th Cir. 1924) ; *Houk Mfg. Co., Inc.* v. *Cowen Co.*, 267 Fed. 787 (2d Cir. 1920).

This principle, however, can have no application in a case where, other than the statements of plaintiff's counsel, there is no evidence to support the plaintiff's assertion of a material fact upon which plaintiff's claim is based. However pertinent or proper, such statements of counsel would not justify a favorable finding of fact. See discussion and cases abstracted in 6 *Wigmore, Treatise on the Anglo-American System of Evidence*, § 1806 (3rd ed. 1940). See also *Aetna Life Ins. Co.* v. *McAdoo*, 106 F. 2d 618, 621 (8th Cir. 1939).

The court's examination of the official papers has offered no guidance in determining the nature of the headboards presently in issue. In the *Modernaire Furniture* case the headboards were imported from Sweden. Those in the case at bar were manufactured and imported

from Hong Kong. Furthermore, unlike the *Modernaire Furniture* case the invoice description in the present case states "natural Rattan Stick Furniture". Since the *Modernaire Furniture* case does not state a rule applicable for all bed headboards, but on the contrary shows that it is material to know the nature and type of headboard that is the subject of the protest, that case is not dispositive of the case at bar.

On the record before the court, therefore, the case must be disposed of on the basis of the presumption of correctness that attaches to the collector's classification. *F. H. Kaysing* v. *United States*, 49 CCPA 69, 71, C.A.D. 798 (1962). *McKesson & Robbins, Inc.* v. *United States*, 27 CCPA 157, 158, C.A.D. 77 (1939). Surely extensive citation of authority is not required for the basic rule in customs litigation that, in order to prevail, the plaintiff must not only establish that the classification is erroneous, but also that the claimed classification is correct. *United States* v. *H. V. Albrecht et al.*, 27 CCPA 112, 117, C.A.D. 71 (1939); *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 CCPA 150, 157, C.A.D. 227 (1943).

Since the plaintiff has not sustained this burden, the protest is overruled.

Judgment will issue accordingly.