Walter L. GORDON, DBA Trade Winds Roller Rink and Trade Winds Roller Rink, Inc., Appellants,

v.

Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas et al., Appellees.

No. 12039.

Court of Civil Appeals of Texas, Austin.

June 13, 1973.

**314**

■■■■■■■■■■■■■■■■■■■■

T. M. Britton, Jr., Houston, for appellants.

John L. Hill, Atty. Gen., Herschel T. Moore, Asst. Atty. Gen., Austin, for appellees.

SHANNON, Justice.

This appeal concerns the application of Tex.Tax.-Gen.Ann. art. 21.02, Title 122A, V.A.T.S. commonly called the admissions tax.

Appellants, Walter L. Gordon doing business as Trade Winds Roller Rink, and Trade Winds Roller Rink, Inc., sued appellees, Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, Jesse James, State Treasurer of the State of Texas, and the Attorney General of the State of Texas to recover a total of $11,-319.11 for taxes paid under protest. Upon trial to the court, judgment was entered that appellants take nothing. We will affirm that judgment.

Section (4) of art. 21.02 levies a tax of one cent on each ten cents or fractional part thereof paid as admission to skating rinks, among others, where the admission charged is in excess of fifty-one cents.

Appellant, Gordon, first operated a roller rink business and his successor, appellant, Trade Winds Roller Rink, Inc., subsequently operated that business at the same location. Appellants charged fifty cents for each person to gain admittance to the skating rink building. For this charge a person was entitled to skate on a concrete floor skating area. For an additional charge, presently seventy-five cents, one was entitled to skate on a wood floor skating area.

Upon request, the court filed findings of fact and conclusions of law. The court found that appellants made but a single charge for the wood floor skating arena in an amount equal to the combined charges of admission to the two areas. The court concluded that the total sum was taxable under Section (4).

Appellants' position is that each charge is for admission to two separate and distinct places; one for admission to the building and the other for admission to the wood floor skating area. They say that the fact that there were two tickets required, one for admission to the building and another for admission to the wooden floor skating area is convincing proof of that fact.

We are unable to accept appellants' argument. It is undisputed that all persons wishing to skate on the wooden floor must pay one dollar twenty-five cents, an amount equal to the combined charge for admission to the two areas. By allocating a portion of that sum to some other consideration and by requiring the purchase of two tickets, appellants may not escape the burden of the tax.

The judgment is affirmed.

Affirmed.