**DANCE TOWN, U. S. A., INC., Appellant,**

**v.**

**Robert S. CALVERT et al., Appellees.**

**No. 7647.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1974.

Motion for Rehearing Overruled Jan. 16, 1975.

Bernard & Bernard, Houston, for appellant.

J. H. Broadhurst and Catherine Jacob, Austin, for appellee.

STEPHENSON, Justice.

This is an action to recover admission taxes paid under written protest. The case was submitted to the trial court on written stipulation, and a take nothing judgment was rendered. Dance Town, U.S.A., Inc., will be referred to herein as plaintiff and Robert S. Calvert, Jesse James, and John L. Hill, in their official capacities, will be referred to as defendants.

The parties stipulated the following to the trial court:

"Plaintiff operated an establishment by the name of Dancetown, USA, Inc. [sic] in Houston, Harris County, Texas. Dancetown is an establishment at which dancing is the predominant entertainment. The dance floor accommodates several hundred couples, two bars, and tables and chairs for approximately 1,500 patrons. Food is not prepared or served at the establishment. Plaintiff breaks down its charges into admission and services, which normally are advertised as $.50 for admission and $.50 for services. A service charge entitled the patron to make advance reservations, to sit at a table, to make purchases at the bar, and/or to be served by waitresses. While separate or specific facilities or services, (other than dancing privileges and seating in chairs surrounding the outer wall) are not available without payment of the total charge for admission and services, plaintiff has instructed its employees to allow patrons to enter the establishment merely by paying the admission charge. The employees are further instructed to watch the patrons admitted and insure that they do not receive any of the services or use any of the facilities other than for dancing or seating as is specified above. There are few requests to be admitted for the admission charge only. There was a sign posted in an obvious place on the premises stating admissions $.50, service charge $.50."

Plaintiff's sole point of error is that the trial court erred in rendering judgment that plaintiff take nothing and the implied finding that the charges made by plaintiff, which were classified by it as a service charge, were a part of the admission charge and subject to taxation under Vernon's Tex.Tax-Gen.Ann. art. 21.02 (1969). The point is overruled.

Art. 21.01 reads in part, as follows:

"Every person . . . or corporation owning or operating any place of amusement which charges a price or fee halls . . . shall pay to the Treasurer of this State a tax in rates and amounts as hereinafter provided."

Art. 21.02 § 4 provides, in effect, that the tax is levied where the admission charge is in excess of fifty-one cents.

Plaintiff argues strenuously that the price for admission was only fifty cents and that the fifty cents service charge is not taxable. Only one case is cited as authority for that contention, that being State v. Rice Properties, 163 S.W.2d 669 (Tex.Civ.App.—Austin 1942, writ ref'd). The Rice Hotel collected a cover charge from all patrons entering the dining and dancing area, and the charge was applied against the cost of food or drink, if the patrons ordered such items. The appellate court held the cover charge was not subject to the amusement tax, citing as its authority an opinion of the Attorney General dated December 16, 1936.

The trial court and the appellate court both held that the Rice Hotel was not operating a place of amusement or a dance hall within the meaning of the statute. Each court held the predominant use was that of a restaurant, and that dancing was only incidental. In view of that finding and holding, the question as to whether the amount charged the patrons was an admission or service charge became immaterial. Any pronouncement on the subject was nothing more than dictum.

We have come to the conclusion that the case of Gordon v. Calvert, 497 S.W.2d 313 (Tex.Civ.App.—Austin 1973, no writ) is controlling. In that case, Gordon operated a skating rink and charged a fifty cents admission which allowed a patron to skate on the concrete floor. For an additional seventy-five cents, a patron could skate on the wooden floor. The appellate court held the combined amount was taxable as an admission charge. See also, Fritz v. Jarecki, 189 F.2d 445 (7th Cir. 1951) and Exmoor Country Club v. United States, 119 F.2d 961 (7th Cir. 1941).

Affirmed.